PER CURIAM.
The issue we address is whether an individual’s driver’s license can be suspended by the Florida Department of Highway Safety and Motor Vehicles (DHSMV) under section 322.2615, Florida Statutes (2006),[1] for the refusal to submit to a test of his or her breath-alcohol level where the refusal is not incident to a lawful arrest and, if not, whether the hearing officer has authority to review whether the refusal was incident to a lawful arrest.[2] In the cases under review, Hernandez v. Department of Highway Safety & Motor Vehicles, 995 So.2d 1077 (Fla. 1st DCA 2008), and McLaughlin v. Department of Highway Safety & Motor Vehicles, 2 So.3d 988 (Fla. 2d DCA 2008), the First and Second District Courts of Appeal reached opposite conclusions as to the scope of the hearing officer’s authority to review the suspension.[3] The First District also certified the following questions of great public importance to this Court in Hernandez, 995 So.2d at 1080:
Can the DHSMV suspend a driver’s license for refusal to submit to a breath test, if the refusal is not incident to a lawful arrest? If not, is [a] DHSMV *1073 hearing officer required to address the lawfulness of the arrest as part of the review process?
We have jurisdiction based on express and direct conflict and based upon a certified questions of great public importance. See art. V, § 3(b)(3), 3(b)(4), Fla. Const.
Because the certified questions involve two separate but related issues, we rephrase them and answer them separately. The first certified question as rephrased is:
Can the DHSMV suspend a driver’s license under section 322.2615, Florida Statutes, for refusal to submit to a breath test if the refusal is not incident to a lawful arrest?
The second certified question as rephrased is:
Is the issue of whether the refusal was incident to a lawful arrest within the allowable scope of review of a DHSMV hearing officer in a proceeding to determine if sufficient cause exists to sustain the suspension of a driver’s license under section 322.2615, Florida Statutes, for refusal to submit to a breath test?
In order to avoid any possible confusion stemming from the plurality opinion and the separate concurring-in-result-only opinion, we set forth the holdings in this case. A majority of this Court (Justices Pariente, Lewis, Quince, and Perry) agree with the First District in Hernandez, 995 So.2d at 1079, and the Fifth District Court of Appeal in Department of Highway Safety & Motor Vehicles v. Pelham, 979 So.2d 304, 305-08 (Fla. 5th DCA 2008), that a suspension can be predicated upon a refusal to take a breath test, but only if the refusal is incident to a lawful arrest. See per curiam op. at 1076 (“[W]e conclude that the DHSMV cannot suspend a driver’s license under section 322.2615 for refusal to submit to a breath test under section 316.1932 if the refusal is not incident to a lawful arrest.”); Justice Quince’s concurring-in-result-only op. at 1080 (“It is unmistakably clear to me that a person’s privilege to drive on the highways of this State can only be taken away if he refuses a test of his blood alcohol level and that refusal is incident to a lawful arrest.”).
A majority of this Court (Justices Par-iente, Lewis, Quince, and Perry) also agree that the driver cannot be precluded from challenging whether the refusal was incident to a lawful arrest, albeit with different reasoning. Justices Pariente, Lewis, and Perry agree with the reasoning of the First District in Hernandez and the Fifth District in Pelham that the driver whose license is suspended is able to challenge whether the refusal was incident to a lawful arrest in the proceedings before the hearing officer who is reviewing the legality of the suspension. See per curiam op. at 17 (“Because the Legislature has mandated that an individual need only consent to a test under section 316.1932 if the test is administered incident to a lawful arrest and has provided the procedure for challenging a suspension for a refusal, an individual must be able to challenge the legality of the suspension if the refusal was not incident to a lawful arrest. To read the statute otherwise would produce an unreasonable — and unconstitutional — result.”). Justice Quince disagrees with the reasoning of the plurality opinion, but agrees that a driver whose license is suspended for refusing to submit to a test must be able to challenge the lawfulness of the arrest. See Justice Quince’s concurring-in-result-only op. at 1080 (“I cannot concur in the majority’s statutory construction that the hearing officer is statutorily authorized to determine the lawfulness of the arrest. But I acknowledge that there must be a mechanism by which a driver can challenge the lawfulness of the arrest. Without such a method, the statutory scheme would be unconstitutional.”).
Accordingly, a majority of this Court approves the result of the First District’s *1074 decision in Hernandez, quashes the Second District’s decision in McLaughlin, answers the first rephrased certified question in the negative, and answers the second rephrased certified question in the affirmative, holding that a driver must be able to challenge whether the refusal was incident to a lawful arrest.
FACTS AND PROCEDURAL HISTORY
In Hernandez, William Hernandez challenged the suspension of his driver’s license for refusal to submit to a breath test, asserting that the request for a breath test was not incident to a lawful arrest. In the hearing to determine if the suspension should be sustained, the DHSMV hearing officer did not consider whether the request that Hernandez submit to a breath test was made incident to a lawful arrest. Hernandez, 995 So.2d at 1078. Accordingly, the DHSMV sustained the suspension of the driver’s license. Upon petition for writ of certiorari to the circuit court, which is the authorized statutory route for review of a decision made by the DHSMV, see § 322.2615(13), Fla. Stat., the circuit court agreed that the legality of the arrest was outside of the scope of consideration for the hearing officer under section 322.2615(7), Florida Statutes (2007). The First District, relying on the reasoning of the Fifth District in Pelham, concluded that section 322.2615(7)(b), Florida Statutes, governing proceedings to review license suspensions must be read together with section 316.1932(l)(a)l.a., Florida Statutes (2007), Florida’s implied consent law, because under the “statutory scheme, the lawfulness of the suspension is central to any determination that there is ‘sufficient cause’ to ‘sustain’ ” the suspension. Hernandez, 995 So.2d at 1079 (quoting Pelham, 979 So.2d at 308).
The Second District in McLaughlin engaged in an opposite statutory analysis regarding the scope of the hearing officer’s authority based on its determination that the plain language of section 322.2615(7)(b) limits the hearing officer’s scope of review to the three specific determinations set forth in the statute, none of which includes consideration of whether the person was placed under lawful arrest. McLaughlin, 2 So.3d at 991-92. The Second District in McLaughlin never specifically addressed whether the DHSMV could suspend a driver’s license for refusal to submit to a breath test if the refusal was not incident to a lawful arrest.
ANALYSIS
Because the two rephrased certified questions present issues of statutory interpretation, our review is de novo. Heart of Adoptions, Inc. v. J.A., 963 So.2d 189, 194 (Fla.2007). “Legislative intent guides statutory analysis, and to discern that intent we must look first to the language of the statute and its plain meaning.” Fla. Dep’t of Children & Family Servs. v. P.E., 14 So.3d 228, 234 (Fla.2009). In this regard, “legislative intent is determined primarily from the text” of the statute. Cont’l Cas. Co. v. Ryan, Inc. E., 974 So.2d 368, 374 (Fla.2008).
As this Court has previously announced:
When the statute is clear and unambiguous, courts will not look behind the statute’s plain language for legislative intent or resort to rules of statutory construction to ascertain intent. In such instance, the statute’s plain and ordinary meaning must control, unless this leads to an unreasonable result or a result clearly contrary to legislative intent.
Koile v. State, 934 So.2d 1226, 1230-31 (Fla.2006) (citation omitted) (quoting Daniels v. Fla. Dep’t of Health, 898 So.2d 61, 64 (Fla.2005)). “However, if the statutory intent is unclear from the plain language of *1075 the statute, then ‘we apply rules of statutory construction and explore legislative history to determine legislative intent.’ ” Id. at 1231 (quoting BellSouth Telecomms., Inc. v. Meeks, 863 So.2d 287, 289 (Fla.2003)). Among the basic principles of statutory construction is that statutes relating to the same subject matter must be read together, or in pari materia. Fla. Dep’t of State v. Martin, 916 So.2d 763, 768 (Fla.2005) (“The doctrine of in pari mate-ria is a principle of statutory construction that requires that statutes relating to the same subject or object be construed together to harmonize the statutes and to give effect to the Legislature’s intent.”).

I. Answering the First Rephrased Certifíed Question:

The DHSMV cannot suspend a driver’s license under section 322.2615, Florida Statutes, for refusal to submit to a breath test if the refusal is not incident to a lawful arrest.
Florida law does not require an individual to submit to a breath alcohol-detection test simply because that person possesses a driver’s license. The obligation to submit to breath-alcohol testing emanates from section 316.1932, Florida Statutes (2006),[4] commonly known as the implied consent law. See State v. Miles, 775 So.2d 950, 952 (Fla.2000) (recognizing section 316.1932, Florida Statutes, as part of Florida’s “implied consent law”).[5] The statute provides that any person driving within Florida is deemed to have consented to testing to determine “the alcoholic content of his or her blood or breath if the person is lawfully arrested for any offense allegedly committed while the person was driving or was in actual physical control of a motor vehicle while under the influence of alcoholic beverages.” § 316.1932(l)(a)l.a., Fla. Stat. (emphasis added). The statute further provides that the test “must be incidental to a lawful arrest and administered at the request of a law enforcement officer who has reasonable cause to believe such person was driving or was in actual physical control of the motor vehicle within this state while under the influence of alcoholic beverages.” Id. (emphasis added). Accordingly, the Legislature has authorized the administration of a breath test only if it is incident to a lawful arrest and based on probable cause to believe that the person driving was under the influence of alcoholic beverages. As stated by the Fifth District in Pelham, 979 So.2d at 306, “It necessarily follows that an individual does not violate the Implied Consent Law when he or she refuses to take a test that is not incidental to a lawful arrest.”
Further, under the implied consent law, the person must be advised of the punishment for refusing to submit to a test:
The person shall be told that his or her failure to submit to any lawful test of his or her breath will result in the suspension of the person’s privilege to operate a motor vehicle for a period of 1 year for a first refusal, or for a period of 18 months if the driving privilege of such person has been previously suspended as a result of a refusal to submit to such a test or tests, and shall also be told that if he or she refuses to submit to a lawful test of his or her breath and his or her driving privilege has been previously *1076 suspended for a prior refusal to submit to a lawful test of his or her breath, urine, or blood, he or she commits a misdemeanor in addition to any other penalties.
§ 316.1932(l)(a)l.a., Fla. Stat. (emphasis added).
Section 322.2615, Florida Statutes, the statute before us in this case governing the suspension of an individual’s driver’s license and the right to review of such a suspension, authorizes a law enforcement officer, on behalf of the DHSMV, to suspend the driver’s license of any person who refuses to submit to a “lawful” breath test. § 322.2615(l)(b)l.a., Fla. Stat. (emphasis added). Specifically, the statute requires that a notice of suspension be sent to the driver to inform him or her as follows:
The driver refused to submit to a lawful breath, blood, or urine test and his or her driving privilege is suspended for a period of 1 year for a first refusal or for a period of 18 months if his or her driving privilege has been previously suspended as a result of a refusal to submit to such a test....
Id. (emphasis added). Despite using the adjective “lawful” in section 322.2615, nowhere in that section does the Legislature define or provide notice as to what constitutes a lawful breath-alcohol test. The only location in the Florida Statutes where the definition can be found is section 316.1932(l)(a), which provides that a driver is only required to submit to an breath-alcohol test if the driver is (1) operating a motor vehicle within this state and (2) subject to a lawful arrest for (3) an offense allegedly committed while driving or in the actual physical control of a motor vehicle while under the influence of alcoholic beverages. Nowhere else does the Legislature mandate the circumstances under which an individual must submit to a breath-alcohol test or else face suspension of his or her driver’s license under section 322.2615, Florida Statutes, in this context.[6]
The only definition of a lawful breath test under section 322.2615 is found in section 316.1932(l)(a). For that reason, the statutes must be read in pan materia. In other words, section 316.1932 is the only statute that defines the parameters of a lawful breath-alcohol test in section 322.2615. If the statutes are not read in pari materia, then there is no notice as to when citizens are required to submit to the test or else face suspension of their driver’s licenses. Accordingly, we hold that a “lawful test” under section 322.2615, Florida Statutes, is one that is requested incident to a lawful arrest, as specified in section 316.1932, Florida Statutes.
For this reason, we conclude that the DHSMV cannot suspend a driver’s license under section 322.2615 for refusal to submit to a breath test under section 316.1932 if the refusal is not incident to a lawful arrest. Thus, we answer the first rephrased certified question in the negative.

II. Answering the Second Rephrased Certified Question and Resolving the Certified Conttict:

The issue of whether the refusal was incident to a lawful arrest is within the allowable scope of review of a DHSMV hearing officer in a proceeding to determine if sufficient cause exists to sustain the suspension of a driver’s license under section 322.2615, Florida Statutes, for refusal to submit to a breath-alcohol test.
This second question is related to the first question and concerns the method *1077 of challenging a suspension for refusal to submit to a breath test. After an individual’s driver’s license is suspended under section 322.2615 for refusing to submit to a breath test under section 316.1932, that section entitles the driver to request a formal or informal review of the validity of the suspension. § 322.2615(l)(b)3., Fla. Stat.; see also § 322.2615(4), (6), Fla. Stat. The statute defines what the hearing officer may review in either a formal or informal review hearing:
(7) In a formal review hearing under subsection (6) or an informal review hearing under subsection (4), the hearing officer shall determine by a preponderance of the evidence whether sufficient cause exists to sustain, amend, or invalidate the suspension. The scope of the review shall be limited to the following issues:
(b) If the license was suspended for refusal to submit to a breath, blood, or urine test:
1. Whether the law enforcement officer had probable cause to believe that the person whose license was suspended was driving or in actual physical control of a motor vehicle in this state while under the influence of alcoholic beverages or chemical or controlled substances.
2. Whether the person whose license was suspended refused to submit to any such test after being requested to do so by a law enforcement officer or correctional officer.
3. Whether the person whose license was suspended was told that if he or she refused to submit to such test his or her privilege to operate a motor vehicle would be suspended for a period of 1 year or, in the case of a second or subsequent refusal, for a period of 18 months.
§ 322.2615(7), Fla. Stat.
In the prior version of the statute, the hearing officer’s scope of review included consideration of the additional issue of “[w]hether the person was placed under lawful arrest for a violation of s. 316.193.” § 322.2615(7)(b)(2), Fla. Stat. (2005), amended by ch.2006-290, § 45, Laws of Fla. Because the Legislature deleted this statutory language and made other deletions in the amended statute, the DHSMV contends that the issue of whether a person was placed under a lawful arrest is no longer a consideration in the suspension process.
As noted by the circuit court in McLaughlin, although the Legislature’s removal of the “lawful arrest” requirement from section 322.2615(7) may seem clear, the Legislature left that requirement in the implied consent law. McLaughlin v. Fla. Dep’t of Highway Safety & Motor Vehicles, No. 2007-CA-001672, order at 4 (Fla. 10th Cir.Ct. Sept. 18, 2007) (order denying petition for writ of certiorari) (stating that the Legislature had created an “unnerving quagmire”). We agree with the First and Fifth District Courts of Appeal that section 322.2615 cannot be read in isolation but must be read in concert with section 316.1932, which defines the scope of the driver’s obligation to submit to a breath test. As the Fifth District cogently explained:
Section 322.2615 does not establish any obligation on the part of a driver to take a test upon the request of law enforcement; it only establishes consequences for refusal. Section 316.1932 is what creates and defines the scope of the obligation, and its mandate is certain: the test must be incident to a lawful arrest. These statutes cannot be construed in isolation, therefore, as Peti *1078 tioner urges, because they are interdependent. Instead, we must consider them in pari materia. See Ferguson v. State, 377 So.2d 709, 710 (Fla.1979) (basic rule of statutory construction that statutes which relate to the same or to a closely related subject or object are regarded as in pari materia and should be construed together and compared with each other). When we do, the conclusion is inescapable that a suspension may not be predicated on refusal to take a test that is the product of a unlawful arrest.
Pelham, 979 So.2d at 307 (emphasis added).
We further agree with the statutory construction analysis utilized by the Fifth District in construing section 322.2615(7):
Nor have we overlooked the language of subsection 322.2615(7), which purports to “limit” the scope of review to three issues. The first issue, probable cause, is a concept that is often inextricably intertwined with the lawfulness of the detention as it is in this case. The second issue directs the hearing officer to address whether the driver “refused to submit to any such test.” (Emphasis added). § 322.2615(7)(b)2„ Fla. Stat. We construe “any such test” to refer to the “lawful” test that the suspension must be “pursuant to.” The final issue, the provision of notice, relates to the form of notice mandated by the same statute, which too refers to a “lawful” test. Therefore, we do not construe this so-called limitation on the hearing officer’s scope of review to nullify the statute’s directive that the hearing officer “determine ... whether sufficient cause exists to sustain, amend, or invalidate the suspension.” § 322.2615(7), Fla. Stat. (2007). Under the statutory scheme, the lawfulness of the suspension is central to any determination that there is “sufficient cause” to “sustain” it.
Id. at 307-08 (citation omitted).
To fail to read these related statutes together would also have serious constitutional implications. A driver whose license is unlawfully suspended must have a means to challenge that suspension, and the only means by which a driver can challenge the suspension of his or her driver’s license for failure to submit to a breath test is through section 322.2615.
Whether denominated a “right” or a “privilege,” the loss of a driver’s license is most definitely an extreme hardship. In Bell v. Burson, 402 U.S. 535, 539, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971), the United States Supreme Court stated: “Once licenses are issued ... their continued possession may become essential in the pursuit of a livelihood.” In the almost forty years since Bell was decided, driving has become an increasingly important part of American life and a near necessity in obtaining and maintaining employment. The Bell Court explained:
Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment. This is but an application of the general proposition that relevant constitutional restraints limit state power to terminate an entitlement whether the entitlement is denominated a “right” or a “privilege. ”
Id. (emphasis added) (citations omitted).
With regard to due process rights, in N.C. v. Anderson, 882 So.2d 990, 993 (Fla.2004), this Court stated:
The Fourteenth Amendment to the United States Constitution provides that no state shall “deprive any person of life,
*1079 liberty or property, without due process of law.” This same protection is provided in the Florida Constitution. See Art. I, § 9, Fla. Const. “Procedural due process serves as a vehicle to ensure fair treatment through the proper administration of justice where substantive rights are at issue.” Department of Law Enforcement v. Real Property, 588 So.2d 957, 960 (Fla.1991). Procedural due process requires both reasonable notice and a meaningful opportunity to be heard. See id. The notice must be “reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance.” Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).
(Emphasis added.) Here, the interpretation of the statutes urged by DHSMV would allow the DHSMV to suspend a driver’s license without reasonable notice and no possibility of a meaningful process to review the lawfulness of the suspension.
A reading of section 322.2615 to prohibit review of an unlawful license suspension would lead to an unreasonable result that would render the statutory scheme constitutionally infirm. We have held that “[statutes, as a rule, ‘will not be interpreted so as to yield an absurd result.’ ” State v. Iacovone, 660 So.2d 1371, 1373 (Fla.1995) (quoting Williams v. State, 492 So.2d 1051, 1054 (Fla.1986)). Further, “[t]his Court has an obligation to give a statute a constitutional construction where such a construction is possible.” Tyne v. Time Warner Entm’t Co., 901 So.2d 802, 810 (Fla.2005). We conclude that the only reading of the statute that avoids an unreasonable and unconstitutional result is to construe sections 322.2615 and 322.1932 in pari materia and allow the hearing officer to review whether the test was administered incident to a lawful arrest.
We conclude, as did the First and Fifth Districts, that reading the two statutes together leads to the conclusion that there must be a means for challenging the legality of the suspension when the request for a breath test was not incident to a lawful arrest. Once section 322.2615 and section 316.1932 are read together, it becomes clear that under the statutory scheme, “sufficient cause” to sustain the suspension under section 322.2615(7) and “whether the person whose license was suspended refused to submit to any such test” require that the hearing officer make the determination of whether the test was administered incident to a lawful arrest, as required by section 316.1932, Florida Statutes.
Accordingly, we answer the second rephrased certified question in the affirmative. Because the Legislature has mandated that an individual need only consent to a test under section 316.1932 if the test is administered incident to a lawful arrest and has provided the procedure for challenging a suspension for a refusal, an individual must be able to challenge the legality of the suspension if the refusal was not incident to a lawful arrest. To read the statute otherwise would produce an unreasonable — and unconstitutional — result.
The dissent contends that licensed drivers are chargeable with knowledge of the laws and that the lawfulness of a suspension will be upheld without regard to whether the suspension was incident to a lawful arrest. However, the dissent overlooks the fact that a driver is on notice that he or she must consent to a breath test or else face suspension of his or her *1080 driver’s license only if the test is administered incident to a lawful arrest. That is what the Legislature has expressly provided for in section 316.1932. To remove that consideration from the hearing officer’s review would allow illegal suspensions without any possibility of a meaningful process to challenge the legality of the suspension. Under the dissent’s view, an illegal suspension that is contrary to the implied consent statute would be automatically upheld.
The dissent also asserts that our reading of the statute abrogates legislative intent. To the contrary, such a reading is necessary in order to save the legislative scheme from constitutional infirmity and the unreasonable result that while a driver need only submit to a breath test incident to a lawful arrest, the absence of that legislatively imposed requirement cannot be challenged. Under the dissent’s view, police may suspend an individual’s driver’s license on a whim without following the requirements of law set forth by the Legislature.
CONCLUSION
For the foregoing reasons, we answer the first rephrased certified question in the negative and hold that the DHSMV cannot suspend a driver’s license for refusal to submit to a breath test if the refusal is not incident to a lawful arrest. We answer the second rephrased certified question in the affirmative and hold that the issue of whether the refusal was incident to a lawful arrest is within the allowable scope of review of the DHSMV hearing officer. Accordingly, we quash the decision of the Second District in McLaughlin. We approve the decision of the First District in Hernandez and the reasoning of the Fifth District in Pelham.
It is so ordered.
PARIENTE, LEWIS, and PERRY, JJ., concur.
QUINCE, J., concurs in result only with an opinion.
CANADY, C. J., dissents with an opinion, in which POLSTON and LABARGA, JJ., concur.

.Hernandez involved the 2007 version of the statute, and McLaughlin involved the 2006 version. The current 2010 version of section 322.2615, Florida Statutes, is the same as the 2006 and 2007 versions for purposes of this decision. Section 322.2615 was minimally revised in 2007 and 2010. See ch.2010-223, § 35, Laws of Fla.; ch.2010-163, § 6, Laws of Fla.; ch.2007-5, § 45, Laws of Fla. These changes have no bearing on this decision.

. The Florida Association of Criminal Defense Lawyers filed an amicus brief in support of Respondent McLaughlin in Case No. SC08-2394.

. These cases were consolidated for oral argument, and we now consolidate the cases for disposition.

. The current 2010 version of section 316.1932, Florida Statutes, remains unchanged from the 2006 version.

. There is a separate statute that requires an individual under the age of 21 to submit to a breath test if a law enforcement officer has probable cause to believe that the individual is driving under the influence, which provides for its own separate scheme of license procedures and review by a hearing officer. See § 322.2616, Fla. Stat. (2010). That statute is not before us in this case.

. We do not address sections 322.63 and 322.64, Florida Statutes (2010) (pertaining to commercial motor vehicles).