CASANUEVA, Judge.
Ricardo Luis Arenas petitions this court for a writ of certiorari to review a circuit court order that denied his petition for writ of certiorari. The circuit court’s denial affirmed an administrative hearing officer’s decision that sustained the suspension of Mr. Arenas’ driver’s license. The Department of Highway Safety and Motor Vehicles (the DHSMV) had suspended his license based on his refusal to submit to a breath test upon being arrested for driving under the influence of an alcoholic beverage (DUI). We grant the petition in accordance with the plurality decision in the recent Florida Supreme Court case of Florida Department of Highway Safety & Motor Vehicles v. Hernandez, 74 So.3d 1070 (Fla.2011), which quashed our decision in McLaughlin v. Department of Highway Safety & Motor Vehicles, 2 So.3d 988 (Fla. 2d DCA 2008).
I. Background
Around 1 a.m. on Saturday, November 20, 2010, Lee County Sheriffs Deputy Glenn Jones stopped Mr. Arenas for allegedly driving a motor vehicle while under the influence of an alcoholic beverage. In the encounter, Mr. Arenas refused to engage in a field sobriety test or a breath test. The deputy arrested him for DUI and issued two misdemeanor traffic citations, one for the DUI violation of section 316.193, Florida Statutes (2010), and one for violating section 316.1939 for refusing the breath alcohol level test. Based on this DUI arrest and his refusal to take a breath test, the DHSMV suspended Mr. Arenas’ driver’s license. The State Attorney subsequently declined to prosecute the two misdemeanors, concluding that there was insufficient evidence to prove the case beyond a reasonable doubt. However, the automatic suspension of Mr. Arenas’ driver’s license remained in effect despite the nolle prosequi.
Mr. Arenas exercised his right to a formal review of his suspension as authorized by section 322.2616(2)(b)(3), Florida Stat *830 utes (2010). At the hearing, Mr. Arenas moved to invalidate the suspension based on the unlawfulness of his arrest and insufficient evidence of impairment. The deputy’s report that was entered into evidence at this hearing stated that the deputy was in a marked Lee County Sheriffs Office vehicle and working a “position of avoidance for a Fort Myers Police Checkpoint.” The deputy observed Mr. Arenas’ vehicle “appear from behind the building of 2774 First Street, a building which has no public access to it.”[1] He conducted a traffic stop of the vehicle in which Mr. Arenas was the sole occupant. The deputy could detect a moderate odor of alcohol around Mr. Arenas’ mouth and noted that Mr. Arenas had bloodshot and glassy eyes. Mr. Arenas appeared to shuffle through paperwork trying to find the documents the deputy requested. When Mr. Arenas exited the vehicle upon the deputy’s request, he leaned back on the car. With a verbal “no,” Mr. Arenas refused to participate in field sobriety exercises. The deputy then informed Mr. Arenas that “he was impeding [the deputy’s] ability to determine his level of impairment, [that] this could be used against him in future court settings, and that he was still subject to arrest.” The deputy reiterated three times that the exercises were strictly voluntary and that Mr. Arenas was not under any duress to participate, but Mr. Arenas still refused. The deputy then took Mr. Arenas into custody and arrested him for DUI. After being arrested, Mr. Arenas refused to submit to a breath test to determine his blood alcohol level.
Mr. Arenas’ counsel presented the testimony of an investigator, a retired law enforcement officer, to prove that the parking area of the building Mr. Arenas drove from had unimpeded public access. Further, there was no evidence that Mr. Arenas was trying to avoid the checkpoint. Deputy Jones did not testify, in person or by affidavit, and his report contained no such conclusion. Neither did his report contain evidence of where the checkpoint was located.
Despite Mr. Arenas’ insistence that the suspension be invalidated due to the unlawfulness of his arrest, the hearing officer made no such finding. The hearing officer limited her review to three issues: (1) whether the deputy had probable cause to believe that Mr. Arenas was driving the vehicle while under the influence of an alcoholic beverage; (2) whether Mr. Arenas refused to submit to a breath alcohol test after the deputy requested him to do so; and (3) whether Mr. Arenas was told that such refusal would result in suspension of his license for at least a year. See § 322.2615(7)(b)(l)-(S). The hearing officer found that the Department had proven by a preponderance of the evidence all three elements to uphold the suspension. Mr. Arenas then petitioned the circuit court to overturn the hearing officer’s order affirming the suspension.
In his petition for writ of certiorari to the circuit court, Mr. Arenas argued that the deputy had neither probable cause nor reasonable suspicion to effectuate a traffic stop for merely driving his vehicle from around an office building that had no pub- *831 lie access to it at night in a parking area that did have public access. Thus, he argued that the traffic stop was an illegal seizure and, with no sufficient basis for even an investigatory stop, any evidence obtained after the stop would be “fruit of the poisonous tree.”[2] The circuit court noted that as to his further argument that the hearing officer should have ruled whether he had been unlawfully arrested and therefore did not have to consent to a breath test, this district had ruled on the very issue in McLaughlin. And this court had certified the conflict with the Fifth District’s contrary holding as to the scope of the hearing officer’s purview in Department of Highway Safety & Motor Vehicles v. Pelham, 979 So.2d 304 (Fla. 5th DCA 2008). The circuit court also commented that the supreme court had granted review of the issue that had been raised in a conflict between McLaughlin and Hernandez v. Department of Highway Safety & Motor Vehicles, 995 So.2d 1077 (Fla. 1st DCA 2008), which had also held that the hearing officer, in deciding a challenge to a license suspension, could determine the lawfulness of the motorist’s arrest for DUI.[3] Because the Second District’s holding in McLaughlin was controlling, the circuit court denied Mr. Arenas’ petition, stating that “[a]s in McLaughlin, the issue of whether there was a lawful arrest in the ease at bar is outside of the reviewing powers of the Hearing Officer, and, as a matter of law, cannot be addressed by either the administrative body or any reviewing court.” Upon receiving no relief from the circuit court, Mr. Arenas petitioned this court for further review.
While Mr. Arenas’ petition for writ of certiorari was pending in this court, the supreme court rendered its opinion resolving the conflict between McLaughlin and Hernandez in Mr. Arenas’ favor. Hernandez, 74 So.3d at 1080 (quashing the Second District’s decision in McLaughlin and approving the First District’s decision in Hernandez and the Fifth District’s reasoning in Pelham). It is Justice Quince’s opinion concurring in result only, id., that leads us to grant Mr. Arenas’ petition.
II. Standard of Review
Mr. Arenas has properly invoked “second-tier certiorari” as his remedy because he seeks reversal of the circuit court’s decision on review of an administrative order sustaining the suspension on his driver’s license. See § 322.2615(13). The scope of review is thus narrow and limited to whether the circuit court (a) afforded procedural due process and (b) applied the correct law. Dep’t of Highway Safety & Motor Vehicles v. DeGroot, 971 So.2d 237, 239 (Fla. 2d DCA 2008). This is “simply another way of deciding whether the lower court ‘departed from the essential requirements of [the] law.’ ” Miami-Dade Cnty. v. Omnipoint Holdings, Inc., 863 So.2d 195, 199 (Fla.2003) (quoting Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995)). “A ruling constitutes a departure from the essential requirements of [the] law when it amounts to ‘a violation of a clearly established principle of law resulting in a miscarriage of justice.’ ” Id. (quoting Tedder v. Fla. Parole Comm’n, 842 So.2d 1022, 1024 (Fla. 1st DCA 2003)). “ ‘[C]learly established law* can derive from a variety of legal sources, including recent controlling case law-” Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 890 (Fla.2003).
The circuit court applied the then-controlling correct law in our opinion in *832 McLaughlin, and Mr. Arenas does not dispute that he was afforded due process in the circuit court. But due to subsequent events in the supreme court, which has now clearly established the law, he has suffered a miscarriage of justice and we must correct it. Cf. Castillo v. E.l. Du Pont De Nemours & Co., 854 So.2d 1264, 1268 (Fla.2003) (reversing the district court and holding that “the issue of general acceptance [regarding the admissibility of scientific evidence under the Frye v. United States, 293 F. 1013 (D.C.Cir.1923) test] is to be made at the time of appeal, rather than at the time of trial”).
III. The Florida Supreme Court’s Decision in Hernandez
This court, in our McLaughlin decision, differed from the Fifth District in Pelham and the First District in Hernandez about the authority the Legislature gave to administrative hearing officers to decide on the lawfulness of a DUI arrest when that arrest resulted in the suspension of the driver’s license. The supreme court took jurisdiction to settle the interdistrict conflict and rephrased the two questions of great public importance that the First District had originally posed. The two rephrased questions were:
Can the DHSMV suspend a driver’s license under section 322.2615, Florida Statutes, for refusal to submit to a breath test if the refusal is not incident to a lawful arrest?
and
Is the issue of whether the refusal was incident to a lawful arrest within the allowable scope of review of a DHSMV hearing officer in a proceeding to determine if sufficient cause exists to sustain the suspension of a driver’s license under section 322.2615, Florida Statutes, for refusal to submit to a breath test?
74 So.3d at 1073.
The supreme court answered the first question in the negative and the second in the affirmative. Id. at 1074. The plurality opinion noted that a majority of the court (Justices Pariente, Lewis, Quince, and Perry) agreed with the First District in Hernandez, 995 So.2d at 1079, and the Fifth District in Pelham, 979 So.2d at 305-08, that a suspension can be the result of a refusal to take a breath test but only if the refusal is incident to a lawful arrest. This same majority agreed that the driver must be able to. challenge whether the refusal was incident to a lawful arrest. 74 So.3d at 1073. But the four justices reached that conclusion by differing reasoning. Justices Pariente, Lewis, and Perry agreed with the reasoning of the First and Fifth Districts that the driver can challenge the suspension on the basis of an unlawful arrest in the administrative proceedings. These justices concluded that the statutory framework provided the hearing officer in the administrative proceeding with this authority. Id. Justice Quince did not agree that the statutory framework provided this authority. But she did agree that there must be some mechanism to challenge the legality of the arrest. Id. at 1080. She thus concurred in result only.
Chief Justice Canady, joined in his dissent by Justices Polston and LaBarga, preferred the reasoning of our court in McLaughlin, explaining that the “contrary view adopted by a majority of this Court effectively rewrites the text of section 322.2615(7), Florida Statutes (2006), to expand the scope of the hearing officer’s review beyond the ambit unequivocally laid down in the statute.” 74 So.3d at 1081 (Canady, C.J., dissenting). Chief Justice Canady could not imagine “[a] more direct abrogation of legislative intent[,]” as shown by the legislature’s removing the hearing officer’s authority to review the lawfulness of the driver’s arrest for DUI, *833 which it did in 2006.[4] Id.
Because the justices of the Florida Supreme Court who were in the majority could not agree on the reasoning under-girding their conclusion in Hernandez, we rely on the court’s result to grant Mr. Arenas’ petition.
IV. Mr. Arenas’ Case
When the DHSMV suspended Mr. Arenas’ license because he was arrested for DUI and refused to take a breath test, he appealed that suspension before an administrative hearing officer in a quasi-judicial civil proceeding. See Rowell v. State, Fla. Dep't of Law Enforcement, 700 So.2d 1242, 1243 (Fla. 2d DCA 1997) (explaining that “quasi-judicial agency action is characterized by notice and a hearing — i.e., some sort of factfinding process — pursuant to statutory requirements”); see also Canney v. Bd. of Pub. Instruction, 278 So.2d 260 (Fla.1973) (holding that the school board was acting in a quasi-judicial capacity in deciding whether the student’s suspension should be continued and was thus subject to the Sunshine Law as part of the legisla-five branch of government). The three justices in the plurality in Hernandez reasoned, by construing the statutes in pari materia, that the hearing officer could invalidate the suspension if the hearing officer found that the DUI arrest was unlawful. 74 So.3d at 1079. We construe the Hernandez plurality opinion to mean that someone other than a judge in a criminal or civil proceeding can determine as a matter of law the validity of a Fourth Amendment arrest requiring probable cause or an investigatory stop requiring reasonable suspicion. Whatever Justice Quince’s reasoning was that led her to disagree with the majority’s statutory basis for their conclusion, Mr. Arenas’ case falls squarely within the problem area she envisioned in her concurring-in-result-only opinion. Id. at 1080 (“I cannot concur in the majority’s statutory construction that the hearing officer is statutorily authorized to determine the lawfulness of the arrest. But I acknowledge that there must be a mechanism by which a driver can challenge the lawfulness of the arrest.”).
*834 After his arrest and consequent suspension of his license, Mr. Arenas did not face any criminal prosecution for driving under the influence or refusing to take a breath alcohol test because the State decided not to further proceed against him. Both misdemeanor charges were dropped. When he appealed his license suspension before the hearing officer, she limited her review to the three issues as outlined in section 322.2615(7)(b).[5] At that time, the hearing officer properly exercised her authority as outlined in that subsection. Similarly, the circuit court did not err, for the same reason, when it denied Mr. Arenas’ common law petition for certiorari, based on this district’s controlling McLaughlin precedent at the time. But the landscape has since changed.
Y. Conclusion
In order to avoid subjecting Mr. Arenas to a miscarriage of justice or unconstitutional treatment in his case, as the supreme court has warned, Hernandez, 74 So.3d at 1080, the lawfulness of his stop and arrest by Deputy Jones, which has never been determined, must be reviewed and decided. We grant Mr. Arenas’ petition for certiorari and remand the case to the circuit court to determine the mechanism by which the lawfulness of Mr. Arenas’ arrest may be decided. The circuit court shall either grant Mr. Arenas’ common law petition for certiorari and remand the case to the DHSMV so the hearing officer can determine the lawfulness of the arrest and the consequences thereof or allow Mr. Arenas leave to file a declaratory action under chapter 86, Florida Statutes, for the same purpose.[6] Thus, in either manner, Mr. Arenas will be provided a mechanism he needed to review the lawfulness of his arrest, as Justice Quince and the plurality envisioned in Hernandez.
Petition for writ of certiorari to the circuit court granted for proceedings in accordance with this opinion.
SILBERMAN, C.J., and DAVIS, J., Concur.

. We note, although it is not germane to our holding — but will be germane on remand — • that Mr. Arenas provided proof that he resides at 2745 First Street, Ft. Myers, which is across the street from the office building from the rear of which the deputy saw him come around that night. The evidence at the administrative hearing also indicated that there was no legal or physical barrier to ingress to or egress from the parking area of this office building even if, as the deputy noted, the building itself at that time of night had no public access to it. Further, the evidence before the hearing officer was silent as to any recent criminal activity in that area.

. Wong Sun v. United States, 371 U.S. 471, 488, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

. Besides holding contrary to our decision in McLaughlin, the First District has also certified two questions of great public importance, discussed infra.

. In 2006, section 322.2615(7)(b) provided as follows:
(b) If the license was suspended for refusal to submit to a breath, blood, or urine test:
1. Whether the arresting law enforcement officer had probable cause to believe that the person was driving or in actual physical control of a motor vehicle in this state while under the influence of alcoholic beverages or controlled substances.
2. Whether the person was placed under lawful arrest for a violation of s. 316.193.
3. Whether the person refused to submit to any such test after being requested to do so by a law enforcement officer or correctional officer.
4. Whether the person was told that if he or she refused to submit to such test his or her privilege to operate a motor vehicle would be suspended for a period of 1 year or, in the case of a second or subsequent refusal, for a period of 18 months.
(Emphasis added.)
Contrast this with the statute as revised in chapter 06-290, section 45, at 2960, Laws of Florida, effective October 1, 2006:
If the license was suspended for refusal to submit to a breath, blood, or urine test:
1. Whether the law enforcement officer had probable cause to believe that the person whose license was suspended was driving or in actual physical control of a motor vehicle in this state while under the influence of alcoholic beverages or chemical or controlled substances.
2. Whether the person whose license was suspended refused to submit to any such test after being requested to do so by a law enforcement officer or correctional officer.
3. Whether the person whose license was suspended was told that if he or she refused to submit to such test his or her privilege to operate a motor vehicle would be suspended for a period of 1 year or, in the case of a second or subsequent refusal, for a period of 18 months.

. The 2010 statute that the hearing officer relied upon to outline the issues to be decided is the same as the 2006 statute as amended, effective October 1, 2006. See supra note 4.

. We suggest these alternative methods because, as a result of Justice Quince’s concurring-in-result-only opinion, there is not a clear majority for the view that the statutory framework gives a hearing officer in the DHSVM’s Bureau of Administrative Reviews the necessary jurisdiction to review the lawfulness of Mr. Arenas’ arrest.