ALTENBERND, Judge.
Byron Roark petitions this court for a writ of certiorari to review a circuit court order that denied his petition for writ of certiorari. This case involves an administrative hearing officer’s decision that sustained the suspension of Mr. Roark’s driver’s license. The circumstances of this case are very similar to those in Arenas v. Department of Highway Safety & Motor Vehicles, 90 So.3d 828 (Fla. 2d DCA 2012), and Lawrence v. Department of Highway Safety & Motor Vehicles, 93 So.3d 350 (Fla. 2d DCA 2012). We grant the petition for the same reasons that this court granted the petition in Arenas. We likewise remand this case to the circuit court to determine the mechanism by which the lawfulness of the arrest may be decided. Just as there was one distinction between Arenas and Lawrence, there is one distinction between Lawrence and Mr. Roark’s case. We write briefly to explain this distinction.
According to the arresting officer’s report, a police officer stopped Mr. Roark on July 10, 2009, at 3:07 a.m. The police officer’s report states that Mr. Roark made an improper left turn. When stopped, Mr. Roark exhibited signs of intoxication. He had difficulty with the standard field sobriety tests. The officer arrested him for driving under the influence.[1] Unlike Ms. Lawrence and Mr. Arenas, Mr. Roark submitted to a breath test. The test results reflected a blood alcohol level between .129 and .136.
The administrative hearing in this case occurred on February 5, 2010. The circuit court denied the petition for certiorari review in October 2010. We delayed the disposition of this petition pending the Florida Supreme Court’s decisions in Florida Department of Highway Safety & Motor Vehicles v. Hernandez, 74 So.3d 1070 (Fla.2011), which quashed our decision in McLaughlin v. Department of Highway Safety & Motor Vehicles, 2 So.3d 988 (Fla. 2d DCA 2008). See also McLaughlin v. Dep’t of Highway Safety & Motor Vehicles, - So.3d - (Fla. 2d DCA 2012).
Like Ms. Lawrence, the charges against Mr. Roark were not dropped. He ultimately pleaded to a reduced charge of reckless *1133 driving and a term of probation. Apparently, both the license suspension and the period of probation are over.[2]
Although Mr. Roark has never had an opportunity to challenge the lawfulness of his stop in this civil administrative proceeding, he may have had such an opportunity in his criminal proceeding. Moreover, because he submitted to the breath test, this case includes additional evidence of intoxication. Because this is a civil administrative hearing, the exclusionary rule that is often used as the remedy for violations of the Fourth Amendment in criminal cases may not necessarily apply in this case. See, e.g., Chase v. Neth, 269 Neb. 882, 697 N.W.2d 675 (2005) (holding that the exclusionary rule is inapplicable to administrative license revocation proceedings); Beller v. Rolfe, 194 P.3d 949 (Utah 2008) (holding that the exclusionary rule is inapplicable to driver license revocation proceedings). Thus, in addition to the mechanisms suggested in Arenas, the circuit court is permitted to consider whether the criminal proceeding provided an adequate mechanism to challenge the lawfulness of the stop. If a lower tribunal determines that the stop was unlawful, it is still permitted to decide whether the breath test evidence is admissible. We express no opinion on these issues.
Petition for writ of certiorari to the circuit court granted for proceedings in accordance with this opinion.
WHATLEY and VILLANTI, JJ., Concur.

. § 316.193(1), Fla. Stat. (2008).

. This information obviously was not in our initial record. We requested this information from the parties because we thought this case might be moot. Both parties agree that the case is not moot.