ALTENBERND, Judge.
Jennifer Lawrence petitions this court for a writ of certiorari to review a circuit court order that denied her petition for writ of certiorari. This case involves an administrative hearing officer’s decision that sustained the suspension of Ms. Lawrence’s driver’s license. The circumstances of this case are very similar to those in Arenas v. Department of Highway Safety & Motor Vehicles, 90 So.3d 828 (Fla. 2d DCA 2012). We grant the petition for the same reasons that this court granted the petition in Arenas. We likewise remand this case to the circuit court to determine the mechanism by which the lawfulness of the arrest may be decided. We write briefly to explain one distinction between this case and the Arenas case.
According to the arresting officer’s report, which is the only factual information in our record, a deputy stopped Ms. Lawrence on October 16, 2008, at 11:17 p.m. The deputy’s report states that Ms. Lawrence was traveling at seventy miles per hour in a forty-flve-mile-per-hour zone. When stopped, she had a strong odor of alcohol and exhibited other signs of intoxication. She refused to take a breath test. She was arrested for driving under the influence[1] and for criminal refusal to submit to a breath test.[2]
The administrative hearing in this case occurred several years ago. The circuit court denied the petition for certiorari review in January 2009. The second-tier certiorari proceeding in this court was stayed from January 25, 2010, to January 17, 2012, pending the Florida Supreme Court’s decisions in Florida Department of Highway Safety & Motor Vehicles v. Hernandez, 74 So.3d 1070 (Fla.2011), which quashed our decision in McLaughlin v. Department of Highway Safety & Motor Vehicles, 2 So.3d 988 (Fla. 2d DCA 2008). See also McLaughlin v. Dep’t of Highway Safety & Motor Vehicles, — So.3d —, 2012 WL 752355 (Fla. 2d DCA 2012). Unlike the circumstances in Arenas, the charges against Ms. Lawrence were not dropped. She ultimately pleaded to a reduced charge of reckless driving and a term of probation. Apparently, both her license suspension and the period of probation are over.[3]
*352 Although Ms. Lawrence has never had an opportunity to challenge the lawfulness of her stop in this civil administrative proceeding, she may have had such an opportunity in her criminal proceeding. Thus, in addition to the mechanisms suggested in Arenas, the circuit court is permitted to consider whether the criminal proceeding provided an adequate mechanism. We express no opinion on that subject and do not have a sufficient record to analyze the issue.
Petition for writ of certiorari to the circuit court granted for proceedings in accordance with this opinion.
WHATLEY and VILLANTI, JJ., Concur.

. § 316.193(1), Fla. Stat. (2008).

. § 316.1939, Fla. Stat. (2008).

.This information obviously was not in our initial record. We requested this information from the parties because we thought this case *352 might be moot. Both patties agree that the case is not moot.