WHATLEY, Judge.
Emmy Pankau petitions this court for a writ of certiorari to review an order of the circuit court which denied her petition for writ of certiorari. Ms. Pankau had sought certiorari review in the circuit court of an administrative order sustaining the suspension of her driving privileges. Ms. Pankau contends that the circuit court departed from the essential requirements of law in ruling that the hearing officer was not required to consider the legality of the stop and arrest in reviewing the license suspension.
In Florida Department of Highway Safety & Motor Vehicles v. Hernandez, 74 So.3d 1070, 1073 (Fla.2011), the Florida Supreme Court held that an individual’s driver’s license may be suspended due to his or her refusal to submit to a breath test, but only if the refusal to submit to the test is incident to a lawful arrest. The supreme court further held that in a hearing conducted by the Florida Department of Highway Safety and Motor Vehicles, a driver may challenge whether his or her refusal to take the breath test was incident to a lawful arrest. Id. The court directed that the hearing officer is required to “make the determination of whether the test was administered incident to a lawful arrest, as required by section 316.1932, Florida Statutes.” Id. at 1079.
Following Hernandez, this court has issued four opinions pertaining to a driver’s right to challenge the lawfulness of the arrest and each case involved a slightly different factual scenario. Roark v. Dep’t of Highway Safety & Motor Vehicles, — So.3d -, 2012 WL 1870863 (Fla. 2d DCA 2012) (petitioner submitted to breath test and results indicated blood alcohol level between .129 and .136, and petitioner pleaded guilty to reckless driving and may have had opportunity to challenge legality of stop in criminal proceeding); Lawrence v. Dep’t of Highway Safety & Motor Vehicles, 93 So.3d 350, 2012 WL 1870868 (Fla. 2d DCA 2012) (petitioner refused to submit to breath test, and petitioner pleaded guilty to reckless driving and may have had opportunity to challenge legality of stop in criminal proceeding); Rudolph v. Dep’t of Highway Safety & Motor Vehicles, — So.3d -, 2012 WL 1869927 (Fla. 2d DCA 2012) (petitioner submitted to breath test and results indicated blood alcohol level between .129 and .137, and criminal charges were dropped by State before she had the opportunity to challenge legality of stop); Arenas v. Dep’t of Highway Safety & Motor Vehicles, 90 So.3d 828 (Fla. 2d DCA 2012) (petitioner refused to submit to breath test and criminal charges were dropped by State before he had the opportunity to challenge legality of stop). In the present case, Ms. Pan-kau submitted to a breath test and the results indicated a blood alcohol level between .163 and .174. Unlike the previous four cases, the record in the present case *924 does not reflect whether Ms. Pankau was charged with the criminal offense of driving under the influence. See § 316.193, Fla. Stat. (2010).
Although Ms. Pankau has never had an opportunity to challenge the lawfulness of her stop in this civil administrative proceeding, she may have had such an opportunity in a criminal proceeding. Thus, in addition to the mechanisms suggested in Arenas, the circuit court is permitted to consider whether a criminal proceeding provided an adequate mechanism to challenge the lawfulness of the stop. If a lower tribunal determines that the stop was unlawful, it is still permitted to decide whether the breath test evidence is admissible. We express no opinion on these issues.
Petition for writ of certiorari to the circuit court granted for proceedings consistent with this opinion.
DAVIS and MORRIS, JJ., Concur.