LaROSE, Judge.
Juan Carrizosa seeks second-tier cer-tiorari review of the circuit court’s order denying certiorari review of the Department of Highway Safety and Motor Vehicles’ (DHSMV) administrative order upholding the suspension of his driver’s license. See Fla. R. App. P. 9.030(b)(2)(B). Because the circuit court departed from the essential requirements of law in upholding the suspension without affording Mr. Carrizosa an opportunity to challenge the legality of the traffic stop, we are compelled to grant his petition.
In April 2011, a sheriffs deputy saw Mr. Carrizosa driving erratically. The deputy stopped Mr. Carrizosa, concluded he was impaired, and arrested him for driving under the influence. See § 316.193(l)(a), Fla. Stat. (2010). Mr. Carrizosa consented to submit to a breath test under section 316.1932(l)(a). That section provides, in pertinent part, as follows:
316.1932. Tests for alcohol, chemical substances, or controlled substances; implied consent; refusal
(l)(a)l.a. Any person who accepts the privilege extended by the laws of this state of operating a motor vehicle within this state is, by so operating such vehicle, deemed to have given his or her consent to submit to an approved chemical test or physical test including, but not limited to, an infrared light test of his or her breath for the purpose of determining the alcoholic content of his or her blood or breath if the person is lawfully arrested for any offense allegedly committed while the person was driving or was in actual physical control of a motor vehicle while under the influence of alcoholic beverages. The chemical or physical breath test must be incidental to a lawful arrest and administered at the request of a law enforcement officer who has reasonable cause to believe such person was driving or was in actual physical control of the motor vehicle within this state while un *1019 der the influence of alcoholic beverages. The administration of a breath test does not preclude the administration of another type of test. The person shall be told that his or her failure to submit to any lawful test of his or her breath will result in the suspension of the person’s privilege to operate a motor vehicle....
(Emphasis added.)
Mr. Carrizosa’s alcohol level proved to be over the legal limit. As a result, DHSMV suspended his driver’s license for six months pursuant to section 322.2615(1), Florida Statutes (2010):
322.2615. Suspension of license; right to review
(l)(a) A law enforcement officer or correctional officer shall, on behalf of the department, suspend the driving privilege of a person who is driving or in actual physical control of a motor vehicle and who has an unlawful blood-alcohol level or breath-alcohol level of 0.08 or higher, or of a person who has refused to submit to a urine test or a test of his or her breath-alcohol or blood-alcohol level. ...
(b) The suspension under paragraph (a) shall be pursuant to, and the notice of suspension shall inform the driver of, the following:
l.a. The driver refused to submit to a lawful breath, blood, or urine test and his or her driving privilege is suspended for a period of 1 year for a first refusal or for a period of 18 months if his or her driving privilege has been previously suspended as a result of a refusal to submit to such a test; or
b. The driver was driving or in actual physical control of a motor vehicle and had an unlawful blood-alcohol level or breath-alcohol level of 0.08 or higher and his or her driving privilege is suspended for a period of 6 months for a first offense or for a period of 1 year if his or her driving privilege has been previously suspended under this section.
Mr. Carrizosa requested an administrative hearing to challenge the license suspension pursuant to section 322.2615(6) and (7):
(6)(a) If the person whose license was suspended requests a formal review, the department must schedule a hearing to be held within 30 days after such request is received by the department and must notify the person of the date, time, and place of the hearing.
(b) Such formal review hearing shall be held before a hearing officer employed by the department, and the hearing officer shall be authorized to administer oaths, examine witnesses and take testimony, receive relevant evidence, issue subpoenas for the officers and witnesses identified in documents in subsection (2), regulate the course and conduct of the hearing, question witnesses, and make a ruling on the suspension....
[[Image here]]
(7) In a formal review hearing under subsection (6) or an informal review hearing under subsection (4), the hearing officer shall determine by a preponderance of the evidence whether sufficient cause exists to sustain, amend, or invalidate the suspension. The scope of the review shall be limited to the following issues:
(a) If the license was suspended for driving with an unlawful blood-alcohol level or breath-alcohol level of 0.08 or higher:
1. Whether the law enforcement officer had probable cause to believe that the person whose license was suspended was driving or in actual physical control of a motor vehicle in this state while under the influence of alcoholic beverages or chemical or controlled substances.
2. Whether the person whose license was suspended had an unlawful blood- *1020 alcohol level or breath-alcohol level of 0.08 or higher as provided in s. 316.193. (b) If the license was suspended for refusal to submit to a breath, blood, or urine test:
1. Whether the law enforcement officer had probable cause to believe that the person whose license was suspended was driving or in actual physical control of a motor vehicle in this state while under the influence of alcoholic beverages or chemical or controlled substances.
2. Whether the person whose license was suspended refused to submit to any such test after being requested to do so by a law enforcement officer or correctional officer.
3. Whether the person whose license was suspended was told that if he or she refused to submit to such test his or her privilege to operate a motor vehicle would be suspended for a period of 1 year or, in the case of a second or subsequent refusal, for a period of 18 months.
(Emphasis added.)
At a July 2011 DHSMV administrative review hearing, Mr. Carrizosa moved to invalidate .his license suspension, arguing that the breath test was invalid because it was incident to an unlawful stop. The hearing officer concluded that his scope of review was limited to whether the officer had probable, cause to believe that Mr. Carrizosa was driving or in actual physical control of a motor vehicle while under the influence of alcoholic beverages or chemical or controlled substances and whether Mr. Carrizosa had an unlawful blood-alcohol level. See § 322.2615(6), (7). The hearing officer denied the motion and upheld the suspension based on these factual findings:
On April 28, 2011, the petitioner was observed drifting to its [sic] right and crossing the fog line. The vehicle then left its lane of travel while making a turn, going into the bicycle lane. After making another turn the vehicle drifted to its right and drove over traffic barriers. Believing the petitioner may be impaired Deputy Carson conducted a traffic stop. Upon making contact with the petitioner, the deputy detected the distinct odor of an alcoholic beverage on his breath as he spoke. He also noticed that his eyes were red and bloodshot. He was unsteady on his feet as he exited his vehicle. Deputy Carson administered field sobriety exercises on which further clues of impairment were exhibited. The petitioner was arrested for DUI and transported to Central Breath Testing, where he submitted to a breath test with the following results: .174 g/210L and .187 g/210L.
[[Image here]]
I find that all elements necessary to sustain the suspension for driving with an unlawful breath or blood alcohol level 3 under section 322.2615 of the Florida Statutes are supported by a preponderance of the evidence.
The hearing officer did not rule on whether the stop was legal; he limited his review to assessing whether the deputy had probable cause to believe that Mr. Carrizo-sa was driving while under the influence.
Mr. Carrizosa sought certiorari review of the hearing officer’s order in the circuit court. He argued that the hearing officer departed from the essential requirements of law by failing to invalidate the suspension because the vehicle stop was unlawful. See § 322.2615(13); Fla. R. App. P. 9.100(c)(1). The circuit court denied relief, holding that section 322.2615(7)(a) did not allow the hearing officer to review the lawfulness of the stop. We pause to note that in early 2012 the State dropped the DUI charge against Mr. Carrizosa. He now petitions for second-tier certiorari review in this court.

*1021
Standard of Review

On second-tier certiorari, we limit our review to “whether the circuit court (a) afforded procedural due process and (b) applied the correct law.” Arenas v. Dep’t of Highway Safety & Motor Vehicles, 90 So.3d 828, 831 (Fla. 2d DCA 2012) (citing Dep’t of Highway Safety & Motor Vehicles v. DeGroot, 971 So.2d 237, 239 (Fla. 2d DCA 2008)). To grant relief, we must conclude that the challenged ruling constitutes a departure from the essential requirements of law by violating a clearly established principle of law resulting in a miscarriage of justice. Id. “ ‘[Cjlearly established law" can derive from a variety of legal sources.... [I]n addition to case law dealing with the same issue of law, an interpretation or application of a statute, a procedural rule, or a constitutional provision may be the basis for granting certio-rari review.” Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 890 (Fla.2003).

Analysis

In denying Mr. Carrizosa’s petition, the circuit court relied on Department of Highway Safety & Motor Vehicles v. Escobio, 6 So.3d 638 (Fla. 2d DCA 2009). Es-cobio, like this case, involved a license suspension after a breath test showed an unlawful alcohol level. We held that section 322.2615(7)(a) limited the scope of administrative review to two issues only: “(1) whether the arresting officer had probable cause to believe the person was driving or in actual physical control of -the vehicle while under the influence of alcoholic beverages and (2) whether the person had an unlawful breath- or blood-alcohol level.” Escobio, 6 So.3d at 640. We noted that this limitation of review “obviously does not affect a driver’s ability to challenge the lawfulness of his arrest in a criminal proceeding arising from the same circumstances or the legality of law enforcement’s actions in a civil proceeding.” Id.
Subsequent to Escobio and a month before Mr. Carrizosa’s administrative hearing, the. supreme court decided Florida Department of Highway Safety & Motor Vehicles v. Hernandez, 74 So.3d 1070 (Fla.2011). Hernandez addressed two certified questions:
Can the DHSMV suspend a driver’s license under section 322.2615, Florida Statutes, for refusal to submit to a breath test if the refusal is not incident to a lawful arrest?
[[Image here]]
Is the' issue of whether the refusal was incident to a lawful arrest within the allowable scope of review of a DHSMV hearing officer in a proceeding to determine if sufficient cause exists to sustain the suspension of a driver’s license under section 322.2615, Florida Statutes, for refusal to submit to a breath test?
74 So.3d at 1073. A four-justice majority agreed that suspension may be predicated on the refusal to take a breath test only if the refusal is incident to a lawful arrest. Id. at 1073, 1076, 1077-78, 1080. The same majority also agreed that “the driver cannot be precluded from challenging whether the refusal was incident to a lawful arrest.” Id. at 1073, 1077-78, 1080. A plurality of three justices agreed that “the driver whose license is suspended is able to challenge whether the refusal was incident to a lawful arrest in the proceedings before the hearing officer who is reviewing the legality of the suspension.”[1] Id. at *1022 1073, 1079. Justice Quince disagreed that the statute authorizes the hearing .officer to determine the lawfulness of the arrest, but she agreed that “there must be a mechanism by which a driver can challenge the lawfulness of the arrest” for the statutory scheme to be constitutional. Id. at 1073,1080.
In Arenas, 90 So.3d at 829, the driver refused to submit to a breath test, but the State dropped criminal charges before he had an opportunity to challenge the legality of the traffic stop. We granted second-tier certiorari review of Mr. Arenas’ license suspension. Id. at 831. We held that the lawfulness of the stop and arrest must be reviewed “to avoid subjecting Mr. Arenas to a miscarriage of justice or unconstitutional treatment.” Id. at 834. We construed Hernandez to mean that “someone other than a judge in a criminal or civil proceeding can determine as a matter of law the validity of a Fourth Amendment arrest requiring probable cause or an investigatory stop requiring reasonable suspicion.” Id. at 833.
Therefore, we remanded the case for the circuit court to determine the proper mechanism to decide the lawfulness of Mr. Arenas’ arrest/ Id. at 834.
The circuit court shall either grant Mr. Arenas’ common law petition for certio-rari and remand the case to the DHSMV so the hearing officer can determine the lawfulness of the arrest and the consequences thereof or allow Mr. Arenas leave to file a declaratory action under chapter 86, Florida Statutes, for the same purpose.™6 Thus, in either manner, Mr. Arenas will be provided a mechanism he needed to review the lawfulness of his arrest, as Justice Quince and the plurality envisioned in Hernandez.
FN6. We suggest these alternative methods because, as a result of Justice Quince’s concurring-in-result-only opinion, there is not a clear majority for the view that the statutory framework gives a hearing officer in the DHSMV’s Bureau of Administrative Reviews the necessary jurisdiction to review the lawfulness of Mr. Arenas’ arrest.

Id.

We considered a factual variation in Lawrence v. Department of Highway Safety & Motor Vehicles, 93 So.3d 350 (Fla. 2d DCA 2012), where the driver challenged the suspension of her driver’s license for refusing to submit to a breath test after a traffic stop and arrest for driving under the influence. Ms. Lawrence pleaded guilty to a reduced charge of reckless driving; she did not contest the lawfulness of the stop in the criminal proceeding. Id. at 351. We granted certiorari and remanded to the circuit court to “determine the mechanism by which the lawfulness of the arrest may be decided,” including those suggested in Arenas and whether her criminal proceeding may have provided such an opportunity. Id. at 351.
Mr. Carrizosa urged the circuit court to grant his certiorari petition under Hernandez. His case is significantly different from Hernandez, Arenas, and Lawrence in one key respect: Mr. Carrizosa, in fact, submitted to and failed the breath test. The circuit court refused to extend Hernandez as suggested by Mr. Carrizosa. He now asserts that the circuit court unduly limited Hernandez’reach.
*1023 If the underlying facts recited by the hearing officer are accurate, we must wonder whether Mr. Carrizosa can establish an illegal stop. What remains critical, as a legal issue, however, is that Mr. Carrizosa had no available avenue to challenge his detention, irrespective of the merits of the stop. We have granted certiorari in several cases where the drivers contested license suspensions for breath-test results over the legal limit. In Roark v. Department of Highway Safety & Motor Vehicles, 107 So.3d 1131 (Fla. 2d DCA 2012), and Pankau v. Department of Highway Safety & Motor Vehicles, 91 So.3d 923 (Fla. 2d DCA 2012), we remanded for the circuit court to decide whether a criminal proceeding in which the petitioner pleaded guilty to reckless driving, after a breath test over the legal limit, was sufficient opportunity to challenge legality of stop. In the first of these, Roark, we noted the distinction from Arenas and Lawrence that Mr. Roark submitted to a breath test.
Rudolph v. Department of Highway Safety & Motor Vehicles, 107 So.3d 1129 (Fla. 2d DCA 2012), is factually similar to Mr. Carrizosa’s case. Ms. Rudolph challenged the suspension of her license for failing a breath test after an allegedly illegal stop. Id. at 1130. The administrative hearing officer, pursuant to section 322.2615(7)(a), refused to consider the lawfulness of the stop, and the State nolle prossed her driving-under-the-influence charge before she could challenge the stop in criminal court. Id. at 1130-31. We pointed to the supreme court’s warning in Hernandez that denial of the opportunity to challenge the lawfulness of the stop could subject the driver to a miscarriage of justice or unconstitutional treatment. Id. at 1130. We granted Ms. Rudolph’s cer-tiorari petition and remanded for the circuit court “to determine the mechanism by which the lawfulness of her stop may be decided.” Id. at 1130-31 (citing Arenas, 90 So.3d 828). Rudolph applies here. As noted earlier, the State dropped DUI charges against Mr. Carrizosa. Consequently, the circuit court denied Mr. Carri-zosa procedural due process by failing to afford him an opportunity to challenge the lawfulness of the stop.
Petition for writ of certiorari to the circuit court granted; remanded for proceedings in accordance with this opinion.
ALTENBERND and SILBERMAN, JJ., Concur.

. Three justices agreed that a hearing officer’s scope of review includes whether the suspension was incident to a lawful arrest because (1) probable cause reviewed under section 316.1932(7)(b)(l) is "often inextricably intertwined with the lawfulness of the detention,” (2) whether the driver "refused to submit to any such test” reviewed under section 316.1932(7)(b)(2) refers to the "lawful" test required by section 322.2615(l)(b)(l)(a)," and *1022 (3) " 'sufficient cause' to sustain the suspension under section 322.2615(7) "require[s] that the hearing officer make the determination ■ of whether the test was administered incident to a lawful arrest.” Hernandez, 74 So.3d at 1078, 1079 (citation omitted). The language of sections 316.1932 and 322.2615, Florida Statutes (2007), applied in Hernandez is the same as the 2010 version applied here for purposes of this decision.