KELLY, Judge.
Manatee County petitions for a writ of common law certiorari to quash an order of the circuit court sitting in its appellate capacity. The order denied the county’s amended petition for writ of certiorari which challenged an ordinance enacted by the City of Bradenton. The disputed ordinance annexed real property located in an unincorporated portion of Manatee County into the city.
In its review of the ordinance, the circuit court applied the proper standard for certiorari review of an administrative action as set out in Haines City Community Development v. Heggs, 658 So.2d 523, 530 (Fla.1995). The court considered: 1) whether the agency action afforded the parties procedural due process; 2) whether the essential requirements of law were observed; and 3) whether the agency action is supported by competent, substantial evidence.
This court may review only “whether the circuit court afforded procedural due process and whether the circuit court applied the correct law.” Id. Manatee County acknowledged that this was the appropriate standard of review, but argued only that the circuit court misinterpreted what the parties agree are the applicable statutes.[1] Because Manatee County did not demonstrate that the circuit court applied the wrong law, but rather argued that it misapplied the correct law, the petition for writ of certiorari is denied. See Martin County v. City of Stuart, 736 So.2d 1264 (Fla. 4th DCA1999).
DAVIS and SILBERMAN, JJ., concur.

. Manatee County did not claim that it was deprived of procedural due process.