WEBSTER, J.
By a petition seeking a writ of certiorari, petitioner asserts that the circuit court departed from the essential requirements of the law when it denied certiorari review of the administrative suspension of his driver’s license as a result of his August 2007 arrest for driving under the influence of alcohol (DUD- The circuit court ruled that the administrative hearing officer’s failure to issue subpoenas for the individuals who had inspected the breath test instrument used for petitioner’s breath test did not constitute a denial of due process “given the limited nature of th[e] administrative hearing as directed by the Legislature,” notwithstanding the fact that the inspection reports authored by those individuals were received in evidence and considered by the hearing officer in sustaining the suspension of petitioner’s license. Because we agree that the circuit court’s ruling constituted a departure from the essential requirements of the law, we grant the petition and quash the court’s order.
On August 12, 2007, petitioner was arrested for DUI. Petitioner was transported to the Duval County Jail, where he submitted to a breath test that was performed using a machine known as the “Intoxilyzer 8000.” Upon receipt of documents from the Jacksonville Sheriffs Office concerning the arrest and test results, the Department of Highway Safety and Motor Vehicles immediately suspended petitioner’s driver’s license. Petitioner requested a formal administrative review of the suspension, and a hearing for that purpose was held on September 12, 2007. Prior to the hearing, petitioner had requested the hearing officer to issue subpoenas duces tecum for the individuals whose names appeared on the breath test instrument inspection reports submitted in compliance with the department’s rules requiring that the instrument be inspected “at least once each calendar year” by an inspector from the Florida Department of Law Enforcement, and “at least once each calendar month” by an inspector from the law enforcement agency where the instrument is located. See Fla. Admin. Code R. 11D-8.004; Fla. Admin. Code R. 11D-8.006. Chapter 11D-8 of the Florida Administrative Code was promulgated pursuant to the specific authority in section *756 316.1932(l)(a)2, Florida Statutes (2007), which concerns “the operation, inspection, and registration of breath test instruments utilized under the driving ... under the influence provisions ... [of] chapter[ ] 322.” The hearing officer denied petitioner’s request, citing section 322.2615(6)(b), Florida Statutes (2007). That subsection authorizes a hearing officer to “issue subpoenas for the officers and witnesses identified in documents in subsection (2).” See § 322.2615(2) & (6)(b), Fla. Stat (2007); Fla. Admin. Code R. 15A-6.012(1).
During the formal review hearing, petitioner expressly objected to the department’s placement of the inspection reports into evidence, and further moved to invalidate the suspension of his driver’s license on the basis of the hearing officer’s failure to issue the subpoenas. The hearing officer denied both motions, again citing section 322.2615(6)(b), and ruling that the inspection reports are not among the specific documents listed in section 322.2615(2) in connection with which hearing officers may issue subpoenas. The hearing officer thereafter entered an order upholding the suspension of petitioner’s driver’s license.
Petitioner sought review of the suspension in circuit court by means of a petition for writ of certiorari and argued, relevant to the instant petition, that he had been denied procedural due process when he was deprived of the opportunity to subpoena the inspectors and thereby cross-examine them and their documents which had been submitted into evidence by the department at the administrative hearing. The circuit court denied the petition, concluding that the failure to issue subpoenas did not constitute a denial of due process. Petitioner now seeks from us a writ of certiorari to quash the circuit court’s ruling.
Pursuant to section 322.2615, Florida Statutes (2007), petitioner was entitled to a full administrative review of the department’s suspension of his driver’s license. The scope of review relevant to petitioner’s suspension appears in subsection (7)(a), which provides in pertinent part:
(7) In a formal review hearing under subsection (6) ..., the hearing officer shall determine by a preponderance of the evidence whether sufficient cause exists to sustain, amend, or invalidate the suspension. The scope of the review shall be limited to the following issues:
(a) If the license was suspended for driving with an unlawful ... breath-alcohol level of 0.08 or higher:
1. Whether the law enforcement officer had probable cause to believe that the person whose license was suspended was driving or in actual physical control of a motor vehicle in this state while under the influence of alcoholic beverages ....
2. Whether the person whose license was suspended had an unlawful ... breath-alcohol level of 0.08 or higher as provided in s. 316.193.
To prove the unlawfulness of petitioner’s breath-alcohol level at the administrative hearing, the department submitted into evidence the breath test affidavit, along with the inspection reports. The affidavit stated that the breath test had been conducted in accordance with the administrative rules, and that an agency inspection had been conducted on the machine on July 30, 2007. Both of the reports concluded that the Intoxilyzer 8000 used for petitioner’s breath test complied with chapter 11D-8, Florida Administrative Code. However, as petitioner pointed out at the hearing, the department’s inspection report contains handwritten alterations.
According to the department’s own rules, the procedural due process rights *757 afforded a driver when seeking review of a license suspension pursuant to section 322.2615 include “the right to present evidence relevant to the issues, to cross-examine opposing witnesses, to impeach any witness, and to rebut the evidence presented against the driver.” See Fla. Admin. Code R. 15A-6.013(5). When formal review is requested, section 322.2615(6)(b) authorizes the hearing officer “to administer oaths, examine witnesses and take testimony, receive relevant evidence, issue subpoenas for the officers and ivitnesses identified in documents in subsection (2), regulate the course and conduct of the hearing, question witnesses, and make a ruling on the suspension.” (Emphasis added.) Subsection (2) provides:
(2) Except as provided in paragraph (l)(a), the law enforcement officer shall forward to the department, within 5 days after issuing the notice of suspension, the driver’s license; an affidavit stating the officer’s grounds for belief that the person was driving or in actual physical control of a motor vehicle while under the influence of alcoholic beverages or chemical or controlled substances; the results of any breath or blood test or an affidavit stating that a breath, blood, or urine test was requested by a law enforcement officer or correctional officer and that the person refused to submit; the officer’s description of the person’s field sobriety test, if any; the notice of suspension; and a copy of the crash report, if any. The failure of the officer to submit materials within the 5-day period specified in this subsection and in subsection (1) does not affect the department’s ability to consider any evidence submitted at or prior to the hearing. The officer may also submit a copy of a videotape of the field sobriety test or the attempt to administer such test. Materials submitted to the department by a law enforcement agency or correctional agency shall be considered self-authenticating and shall be in the record for consideration by the hearing officer. Notwithstanding s. 316.066(7), the crash report shall be considered by the hearing officer.
In denying petitioner’s request to issue subpoenas for the individuals who inspected the breath test instrument, the hearing officer necessarily construed the reference in section 322.2615(6)(b) to “documents in subsection (2)” to mean only those listed documents that must be submitted by the law enforcement officer within five days after issuing the notice of suspension, the videotape of the field sobriety test and the accident report, if any. The circuit court obviously agreed with that interpretation.
We, however, agree with petitioner that the clear language of subsection (2) refers not only to the foregoing explicitly named materials but also, by its express terms, to “any evidence submitted at or prior to the hearing.” See § 322.2615(2) (emphasis added). Undoubtedly, the department relied on this subsection to introduce the inspection reports in evidence, as well as on the further language of subsection (2) that such “materials ... shall be considered self-authenticating and shall be in the record for consideration by the hearing officer.” Therefore, for the hearing officer to consider the inspection reports on the department’s behalf but deny petitioner the right meaningfully to cross-examine the individuals who prepared those reports not only evinces a misreading of section 322.2615(2), but violates the basic principles of due process to which petitioner was entitled in this proceeding, as clearly reflected in the previously mentioned applicable statutory sections and department rules. See also Dep’t of Hwy. Safety & Motor Vehicles v. Pitts, 815 So.2d 738, 743 (Fla. 1st DCA 2002) (confirming that “the ‘suspension of a driver’s license *758 for statutorily defined cause implicates a protectable property interest’ ” and, therefore, due process applies to its denial, quoting Mackey v. Montrym, 443 U.S. 1, 10-11, 99 S.Ct. 2612, 61 L.Ed.2d 321 (1979)).
In its order, the circuit court likewise concluded that the hearing officer did not have the authority pursuant to section 322.2615(6)(b) to issue the requested subpoenas. Our scope of review of that order is limited to determining only ‘“whether the [circuit] court (1) afforded due process and (2) observed the essential requirements of law.’ ” See Clay County v. Kendale Land Dev., Inc., 969 So.2d 1177, 1180 (Fla. 1st DCA 2007) (quoting Randall v. Fla. Dep’t of Law Enforcement, 791 So.2d 1238, 1240 (Fla. 1st DCA 2001)); accord Hernandez v. Dep’t of Hwy. Safety & Motor Vehicles, 995 So.2d 1077, 1079 (Fla. 1st DCA 2008) (citing Haines City Cmty. Dev. v. Heggs, 658 So.2d 523 (Fla.1995)). “A ruling constitutes a departure from ‘the essential requirements of law1 when it amounts to ‘a violation of a clearly established principle of law resulting in a miscarriage of justice.’ ” Clay County, 969 So.2d at 1180 (quoting Combs v. State, 436 So.2d 93, 96 (Fla.1983)).
As noted above, however, by generally referring to “documents” without further specification or limitation, section 322.2615(6)(b) unambiguously contemplates that a hearing officer may issue subpoenas for the officers and witnesses identified not only in the documents actually named in subsection (2), but also in “any [documentary] evidence submitted at or prior to the hearing.” (Emphasis added.) Any other interpretation would, indeed, constitute a denial of petitioner’s due process right to challenge the suspension of his driver’s license. Given this clear statement of the law, the circuit court’s ruling amounted to “ ‘a violation of a clearly established principle of law resulting in a miscarriage of justice’ ” and, therefore, constituted a departure from the “ ‘essential requirements of law.’” Id. We note that the Second District Court of Appeal has recently reached the same conclusion, although as the result of a somewhat different analysis. See Yankey v. Dep’t of Hwy. Safety & Motor Vehicles, 6 So.3d 633, 2009 WL 416514 (Fla. 2d DCA Feb. 20, 2009).
Accordingly, we grant the petition for a writ of certiorari and quash the circuit court’s order denying certiorari relief. Id. at 1180-81 (reiterating that when considering a petition for writ of certiorari on “second-tier” review, this court “has only two options — it may either deny the petition or grant it, and quash the order at which the petition is directed”).
PETITION FOR WRIT OF CERTIO-RARI GRANTED.
BROWNING and LEWIS, JJ., concur.