VAN NORTWICK, J.
The Florida Department of Highway Safety and Motor Vehicles petitions for a writ of certiorari to review an order of the circuit court which, while sitting in its review capacity, overturned an administrative order suspending the driver’s license of Eric L. Edenfield, respondent. We have jurisdiction pursuant to rule 9.030(b)(2)(B), Florida Rules of Appellate Procedure. While we agree that the circuit court’s order misapplies our case law, under the narrow standard of review applicable to second-tier certiorari review, we cannot conclude that the order violated a clearly established principle of law. Accordingly, we are constrained to deny the petition.
Edenfield was stopped by law enforcement after he was observed driving in excess of the posted speed limit. After an odor of alcohol was detected about Eden-field and he exhibited other signs of impairment, Edenfield was subjected to a breath test which produced a breath-alcohol ratio in excess of the legal limit. Following his arrest for driving while under the influence of alcohol, Edenfield’s license was suspended, and he sought an administrative review of that suspension. Among other witnesses, Edenfield requested of the hearing officer issuance of a subpoena duces tecum for Robert Thomason, the inspector of breath machines for the sheriffs department of Duval County. Thoma-son requested to appear by telephone, and the hearing officer granted the request over the objection of Edenfield. At the hearing, Edenfield refused to examine Thomason. The hearing officer sustained the suspension of Edenfield’s driver’s license.
Edenfield then sought review by a petition for writ of certiorari in the circuit court of the Fourth Judicial Circuit. The circuit court granted the petition and vacated the suspension on the ground that Edenfield was denied the requisite due process when Thomason was permitted to appear telephonically. The circuit court ordered a new administrative proceeding.
*906 The Department now seeks to invoke what is commonly referred to as second-tier certiorari review. The Florida Supreme Court has set forth “certain fundamental principles for the use of certiora-ri to review decisions rendered by the circuit court acting in its appellate capacity from the time common-law certiorari was first recognized in 1855.” Custer Medical Center v. United Automobile Ins. Co., — So.3d —, —, 2010 WL 4340809 (Fla. 2010). District courts apply a two-prong test on second-tier certiorari review: whether the circuit court applied the correct law and whether the circuit court afforded procedural due process. See Miami-Dade County v. Omnipoint Holdings, Inc., 863 So.2d 195, 199 (Fla.2003). Pursuant to these principles, the district court should grant second-tier certiorari “only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.” Custer, — So.3d at — (citing Combs v. State, 436 So.2d 93, 96 (Fla.1983)); see also Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla.2003); Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla.2000); Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 528 (Fla.1995). In determining whether the circuit court has applied the correct law in its first-tier review, the district court must consider whether the circuit court has failed to apply the correct law as clearly established. Clearly established law can be derived not only from case law dealing with the same issue of law, but also from “an interpretation or application of a statute, a procedural rule, or a constitution provision.... ” Kaklamanos, 843 So.2d at 890. When the established law provides no controlling precedent, however, certio-rari relief cannot be granted because “[without such controlling precedent, [a district court] cannot conclude that [a circuit court] violated a clearly establish principle of law.” Ivey, 774 So.2d at 682 (internal quotations omitted). Further, a misapplication or an erroneous interpretation of the correct law does not rise to the level of a violation of a clearly established principle of law. Id. Housing Auth. of City of Tampa v. Burton, 874 So.2d 6, 9 (Fla. 2d DCA 2004) (“Unlike application of incorrect law, misapplication of correct law by a circuit court sitting in its appellate capacity generally does not constitute a violation of clearly established law resulting in a miscarriage of justice.”); Manatee County v. City of Bradenton, 828 So.2d 1083,1084 (Fla. 2d DCA 2002).
The Supreme Court has explained the policy giving rise to the narrow standard of review applicable to second-tier review, as follows:
the district court’s exercise of its discretionary certiorari jurisdiction should
depend on the court’s assessment of the gravity of the error and the adequacy of other relief. A judicious assessment by the appellate court will not usurp the authority of the trial judge or the role of any other appellate remedy, but will preserve the function of this great writ of review as a “backstop” to correct grievous errors that, for a variety of reasons, are not otherwise effectively subject to review.
Heggs, 658 So.2d at 531 n. 14 (emphasis supplied) (quoting William A. Haddad, The Common Law Writ of Certiorari in Florida, 29 U. Fla. L. Rev. 207, 228 (1977)). In other words, this Court has definitively expressed that certiorari cannot be used to grant a second appeal to correct the existence of mere legal error.
Custer, — So.3d at —.
In granting certiorari relief below, the circuit court relied primarily upon Lee v. DHSMV, 4 So.3d 754 (Fla. 1st DCA *907 2009). Lee holds that a driver in a license suspension proceeding must have a meaningful opportunity to cross-examine the creators of reports introduced by DHSMV in support of suspension. Id. at 757. But Lee does not expressly hold, as the circuit court here believed when granting certio-rari relief, that in-person testimony is required for a party to meaningfully cross-examine the individuals who prepared those reports. In holding that a party had the right to subpoena and then cross examine the author of inspection reports, this court in Lee cited section 322.2615, Florida Statutes, which gives a driver the right to present relevant evidence and to rebut evidence presented against him. Lee, 4 So.3d at 757. This court further cited rule 15A-6.013(5), Florida Administrative Code, which authorizes a hearing officer to receive the testimony of any witness under oath. Lee, 4 So.3d at 756-57. But neither the cited statute nor the cited rule preclude appearance of a relevant witness by telephone.
The parties have not cited any provision of law which allows a party to demand the live appearance of a witness in an administrative proceeding. It should be noted that, in the context of an unemployment compensation proceeding, this court held that telephonic appearance by witnesses is permissible. Greenberg v, Simms Merchant Police Service, 410 So.2d 566, 567-68 (Fla. 1st DCA 1982). Further, appearance by telephone is a common practice in worker’s compensation proceedings. See Rule 60Q-6.116(3), Florida Administrative Code (“Testimony may be taken by telephone with the written agreement of all parties or approval by the judge.”).
While the circuit court has misread our decision in Lee to require the live appearance of a witness in an administrative proceeding regarding a license suspension when a party requests the live appearance, this misreading does not constitute a violation of a clearly established principle of law. Indeed, there is no clear controlling precedent for the issue raised here. Because there is no basis for granting second-tier certiorari relief, the petition for a writ of certiorari is DENIED.
THOMAS, and MARSTILLER, JJ., concur.