PER CURIAM.
John P. Dodson petitions this Court for a writ of certiorari to review a circuit court order that denied his petition for writ of certiorari. The circuit court’s denial affirmed an administrative hearing officer’s decision that sustained the suspension of the petitioner’s driver’s license. The Department of Highway Safety and Motor Vehicles (the Department) suspended the petitioner’s driver’s license after a breath test revealed he had been driving under the influence of an alcoholic beverage. We grant the petition in accordance with Florida Department of Highway Safety and Motor Vehicles v. Hernandez, 74 So.3d 1070 (Fla.2011).
On second-tier certiorari review, this Court’s review is limited to determining whether the trial court afforded the parties procedural due process and whether it applied the correct law or departed from the essential requirements of the law. See State, Dep't of Highway Safety & Motor Vehicles v. Edenfield, 58 So.3d 904, 906 (Fla. 1st DCA 2011). Second-tier certiora-ri should not be used simply to grant a second appeal. See id. It should be reserved for those cases where there has been a violation of a clearly established principle of law that resulted in a miscarriage of justice. See id.
During the administrative hearing on the petitioner’s suspended driver’s license, the administrative hearing officer refused to consider the lawfulness of arrest as part of the scope of review. However, in Hernandez, the Florida Supreme Court concluded that an administrative hearing officer is allowed to make the determination of whether a breath test was administered incident to a lawful arrest. 74 So.3d at 1079-80 (“[A] driver is on notice that he or she must consent to a breath test or else face suspension of his or her driver’s license only if the test is administered incident to a lawful arrest.”). Although the facts of Hernandez involved a refusal to consent to a breath test, the holding is clearly not limited to refusals. Accordingly, the hearing officer’s refusal to consider the lawfulness of the arrest departed from the essential requirements of the law. The petition for writ of certio-rari is granted, and the decision of the trial court is hereby quashed.
PADOVANO, CLARK, and SWANSON, JJ., concur.