PER CURIAM.
Petitioner, the City of Atlantic Beach, seeks second-tier certiorari review of the circuit court’s order granting the certiorari petition filed by Respondents, Donald and Karen Wolfson, wherein they challenged the City Commission’s order affirming the Community Development Board’s denial of their variance request. We agree with Respondents’ argument that Petitioner’s challenge to the circuit court’s determination that due process was not afforded to Respondents at the Commission hearing is not cognizable in this proceeding. See State, Dep’t of Highway Safety & Motor Vehicles v. Edenfield, 58 So.3d 904, 906 (Fla. 1st DCA 2011) (explaining that district courts must determine on second-tier certiorari review whether the circuit court applied the correct law and whether it afforded procedural due process); Pharmcore, Inc. v. City of Hallandale Beach, 946 So.2d 550, 552 (Fla. 4th DCA 2006) (noting that the petitioner had not presented anything to suggest that the circuit court applied the incorrect law regarding its proce *994 dural due process determination and that second-tier review is not available to review the application of the correct law to the facts); see also Stranahan House, Inc. v. City of Fort Lauderdale, 967 So.2d 1121 (Fla. 4th DCA 2007); Seminole Entm’t, Inc. v. City of Casselberry, 813 So.2d 186 (Fla. 5th DCA 2002).
We do, however, find merit in Petitioner’s argument that the circuit court applied the incorrect law in conducting an independent review of the record before the Commission and in concluding that competent, substantial evidence supported a determination opposite from that of the Board and the Commission. See Clay County v. Kendale Land Dev., Inc., 969 So.2d 1177, 1181 (Fla. 1st DCA 2007) (concluding that the circuit court on first-tier certiorari review violated a clearly established principle of law resulting in a miscarriage of justice when it conducted an independent review of the record and concluded that competent, substantial evidence supported a conclusion opposite from that of the hearing officer); see also Dusseau v. Metro. Dade County Bd. of County Comm’rs, 794 So.2d 1270, 1275 (Fla.2001) (“Instead of simply reviewing the Commission’s decision to determine whether it was suppoHed by competent substantial evidence, the court also reviewed the decision to determine whether it was opposed by competent, substantial evidence.”). We also conclude that the circuit court applied the incorrect law when it remanded the case to Petitioner for the entry of an order approving the subject variance in compliance with the recommendations of the city staff. See Clay County, 969 So.2d at 1181 (holding that the circuit court violated a clearly established principle of law when it entered a judgment on the merits in the first-tier certiorari proceeding and explaining that when considering a certiorari petition, a court has only two options — it may either deny the petition or grant it and quash the order at which the petition is directed).
Accordingly, we GRANT Petitioner’s certiorari petition, QUASH the circuit court’s order, and REMAND the matter to the circuit court for further proceedings applying the correct law.
MAKAR and OSTERHAUS JJ., concur.
WOLF, J. concurs with opinion.