FERNANDEZ, J.
The State of Florida, Department of Highway Safety and Motor Vehicles (“DHSMV”) petitions this Court for the issuance of a writ of certiorari, quashing a decision of the circuit court from the Sixteenth Judicial Circuit. Acting in its appellate capacity, the circuit court reversed the administrative suspension of Kenji Bennett’s driving privileges. We grant the DHSMV’s petition and quash the order under review.
On February 4, 2012, Deputy Abroe of the Monroe County Sheriffs Office observed Bennett driving without any tag lights. After Abroe stopped the vehicle, he observed that Bennett had: an odor of alcohol on his breath; bloodshot, watery and glassy eyes; a flushed face; and an open beer bottle in the vehicle. Bennett refused to perform the field sobriety exercises and refused to submit to a breath test. Abroe read the Implied Consent Warnings to Bennett.
Consequently, Bennett’s driving privileges were suspended for failure to submit to a breath test. Bennett requested an administrative formal review hearing and requested that the DHSMV issue a subpoena for Abroe. On March 8, 2012, Bennett submitted a proposed subpoena that required Abroe’s physical appearance before the hearing officer. The DHSMV stamped the subpoena with language that Abroe was “commanded to appear tele-phonically” prior to signing and returning the proposed subpoena to Bennett. Bennett did not approve of the added language and allegedly served Abroe with a separate subpoena duces tecum.
At Bennett’s administrative formal review held on April 26, 2012, Abroe did not appear. Bennett objected and sought to continue the hearing to seek enforcement of Abroe’s subpoena duces tecum. The hearing officer denied Bennett’s request because Bennett failed to provide proof of service for Abroe’s subpoena to appear *369 telephonieally. Furthermore, Bennett did not provide proof of service for either the DHSMV’s approved subpoena or the subpoena duces tecum. The hearing officer sustained Bennett’s administrative suspension.
Bennett appealed the hearing officer’s decision to the circuit court by filing a complaint, which Bennétt later amended to a petition for writ of certiorari. The circuit court denied the initial petition. Bennett then filed a motion for rehearing, which the circuit court also denied. However, the circuit court ultimately granted Bennett’s second motion for rehearing and quashed the hearing officer’s decision. In response, the DHSMV filed a motion for rehearing. The circuit court denied the motion. The DHSMV now requests this Court issue a writ of certiorari and quash the circuit court’s order granting Bennett’s petition for a writ certiorari.
On second-tier certiorari, this Court’s standard of review is limited to deciding whether the trial court afforded the parties procedural due process, and whether it applied the correct law or departed from the essential requirements of the law. See Dep’t of Highway Safety & Motor Vehicles v. Edenfield, 58 So.3d 904, 906 (Fla. 1st DCA 2011). Second-tier cer-tiorari review is reserved for cases “in which the lower tribunal has violated a clearly established principle of law resulting in a miscarriage of justice.” Id. (quoting Custer Med. Ctr. v. United Auto. Ins. Co., 62 So.3d 1086, 1092 (Fla.2010)).
Here, the circuit court’s order conflicts with Florida Administrative Code provisions governing chapter 322, Florida Statutes (2013) and Department of Highway Safety & Motor Vehicles v. Edenfield, 58 So.3d 904 (Fla. 1st DCA 2011). First, Florida Administrative Code rules 15A-6.012(6) and (7) permit hearing officers to amend, strike, or quash subpoena requests. In accordance with the Code, section 322.2615(6)(b), Florida Statutes (2013), authorizes an administrative hearing officer to issue subpoenas for police officers and witnesses, and grants the hearing officer the power to otherwise regulate and conduct the hearing. Furthermore, section 322.2615(6)(c), Florida Statutes (2013), states that “[t]he failure of a subpoenaed witness to appear at the formal review hearing is not grounds to invalidate the suspension.” Given these powers, it is reasonably inferable that the Florida Statutes and the Florida Administrative Code also authorize hearing officers to amend a proposed subpoena. The statutes provide hearing officers with broad authority to conduct administrative hearings and issue subpoenas as they see fit. Given that Bennett did not provide any evidence that he served ■ Abroe with a subpoena, and even if he had, Abroe’s failure to appear does not automatically invalidate the hearing officer’s decision.
Second, the First District Court of Appeal made it clear that the live appearance of a witness in an administrative proceeding regarding a license suspension is not required. Edenfield, 58 So.3d at 907. Although Edenfield denied certiorari review because under the specific facts of that case there was no prior law that established a clear principle regarding a party’s right to request another’s live appearance at an administrative hearing, the First District stated that the circuit court in that case “misread our [prior] decision ... to require the live appearance of a witness in an administrative proceeding regarding a license suspension when a party requests [a] live appearance.” Id. Therefore, the Edenfield decision became a clearly established principle of law, which the circuit court in this case violated. To be clear, a party does not have a right to require an officer’s live appear- *370 anee at an administrative hearing dealing with a license suspension. In such cases, the hearing officer may determine whether a telephonic appearance is adequate.
We find that the circuit court’s Order conflicts with the Florida Administrative Code Rules governing chapter 322 of the Florida Statutes and binding Florida case law. Thus, the circuit court departed from the essential requirements of law. We therefore grant the petition, issue the writ, and quash the decision of the circuit court. We further remand to the circuit court, appellate division, for proceedings consistent with this opinion.
SUAREZ, J., Concurs.