# Third District Court of Appeal

## State of Florida

Opinion filed December 31, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2206
Lower Tribunal No. 13-227
_____


**Gables Insurance Recovery, Inc.,**
Petitioner,

vs.

**Progressive Express Insurance Company,**
Respondent.


On Petition for Writ of Certiorari to the Circuit Court for Miami-Dade County, Cindy Lederman, Maria Sampedro-Iglesia, Angelica Zayas, Judges.

Billbrough & Marks, P.A. and Bart Billbrough, for Petitioner.

Seipp, Flick & Hosley and Douglas H. Stein, for Respondent.


Before, SALTER, EMAS and SCALES, JJ.

PER CURIAM.

Petitioner, Gables Insurance Recovery, Inc. ("GIR"), the plaintiff at the trial court level, seeks second-tier certiorari review of an order of the appellate division of the circuit court.

The appellate division dismissed GIR's petition seeking first-tier certiorari review of an order of the county court. Specifically, the appellate division dismissed GIR's petition, determining that GIR had not met a threshold jurisdictional hurdle for first-tier certiorari review, i.e., GIR did not demonstrate that it would suffer irreparable harm due to a putative error of the county court.

Because the appellate division's order does not demonstrate sufficient cause for this Court to invoke its narrow second-tier certiorari review, we dismiss GIR's petition.

I.      Background Facts

GIR sued Respondent Progressive Express Insurance Company ("Progressive") in Miami-Dade County Court seeking recovery of benefits allegedly payable pursuant to a PIP policy issued by Progressive to its insured, Delia Pena ("Pena").

GIR alleges that Pena was involved in an automobile accident in July of 2010, and received treatment from All X-Ray Diagnostic Services ("All X-Ray"). GIR further alleges that Pena assigned her PIP benefits to All X-Ray which, in

2

turn, assigned those benefits to GIR. GIR alleges that, despite Progressive's actual knowledge of this assignment, Progressive refused to pay GIR.

In response, Progressive alleges that it paid the benefits to All X-Ray, thereby satisfying any obligation to pay PIP benefits under Pena's policy.

Progressive filed a motion in the county court, alleging that All X-Ray was an indispensable party to the litigation between GIR and Progressive. In granting this motion, the county court required GIR to join All X-Ray as a co-defendant in its action against Progressive.

GIR filed a petition for writ of certiorari, seeking review of the county court's interlocutory order. GIR argued that the county court departed from the essential requirements of law by compelling GIR to sue All X-Ray (rather than requiring Progressive to join All X-Ray as a third party defendant). In other words, GIR objected to being forced to sue a party (All X-Ray) against whom GIR asserted it had no claim.

The appellate division dismissed GIR's petition for lack of jurisdiction, finding that the petition did not establish an irreparable harm that could not be remedied on plenary appeal. GIR then filed the instant petition with this Court seeking second-tier certiorari review of the appellate division's order.

II.    Analysis

In a second-tier certiorari review of an order of the appellate division of the circuit court, our inquiry is limited to "whether the circuit court afforded procedural due process and whether the circuit court applied the correct law." Custer Med. Ctr. v. United Auto. Ins. Co., 62 So. 3d 1086, 1092 (Fla. 2010) (quoting Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 530 (Fla. 1995)). Second-tier certiorari relief is not available when we might be confronted by simple legal error or when we might disagree with the appellate division's interpretation of applicable law. Id. at 1094. We grant second-tier certiorari relief "*only* when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice." Id. at 1092 (quoting Combs v. State, 436 So. 2d 93, 96 (Fla. 1983)).

While we may disagree with the county court's determination that All X-Ray is an indispensable party to the dispute between GIR and Progressive[1], we see

_____

[1] A party is "indispensable" when it is impossible for the court to adjudicate the matter without affecting the interests of that party or another party in the action. Florida Dep't of Revenue v. Cummings, 930 So. 2d 604, 607 (Fla. 2006). While testimony from All X-Ray might be probative of the parties' respective claims and defenses, and while Progressive eventually might wish to join All X-Ray as a third party defendant to the action, the record does not support Progressive's assertion that All X-Ray is an indispensable party so as to require GIR to sue All X-Ray (in order to adjudicate completely the dispute between GIR and Progressive). Let Miami Beach Decide v. City of Miami Beach, 120 So. 3d 1282, 1288 (Fla. 3d DCA 2013). Indeed, at oral argument, Progressive could not articulate a cause of

nothing in the record to indicate that the appellate division failed to afford GIR due process or that it applied the incorrect law.

Petition dismissed.

---

action that GIR might have against All X-Ray.