CLARK, J.,
dissenting.
Circuit courts must review a hearing officer’s findings and conclusions for support by competent, substantial evidence. Where the circuit court undertakes this mandated review, this Court is without authority to second-guess the answer. Because the circuit court here correctly selected the legal question, the answer matters not. As the majority simply finds error in the circuit court’s answer, I dissent. Circuit courts have a mandate to independently review a hearing officer’s findings and conclusions for competent, substantial evidence; they are not merely rubberstamps for a hearing officer’s orders.
The circuit court was required to review the hearing officer’s order for competent, substantial evidence. State, Dep’t of Highway Safety & Motor Vehicles v. Wiggins, 151 So.3d 457, 462 (Fla. 1st DCA 2014), review granted, 2014 WL 7251666 (Fla. Dec. 17, 2014); Dep’t of Highway Safety & Motor Vehicles v. Trimble, 821 So.2d 1084, 1086 (Fla. 1st DCA 2002). “Substantial,” the focus here, pertains to the weight of the evidence. Substantial evidence “will establish a substantial basis of fact from which the fact at issue can be reasonably inferred.” Trimble, 821 So.2d at 1086 (quoting DeGroot v. Sheffield, 95 So.2d 912, 916 (Fla.1957)). Or put another way, “such relevant evidence as a reasonable mind would accept as adequate to support a conclusion.” Id. at 1086-87 (quoting DeGroot, 95 So.2d at 916). The evidence must “support[ ] a reasonable foundation for the conclusion reached.” Id. at 1087. Substantial evidence is not evidence “which merely creates a suspicion or which gives equal support to inconsistent inferences.” Id. Further, “[sjurmise, conjecture or speculation” are not substantial. Id. Substantial evidence requires more than “mere probabilities, guesses, whims, or caprices.” Id.
Accordingly, the circuit court must review whether the Department’s evidence rose to this legal standard; i.e., the “the meaning and force of the inference derived from the evidence submitted,” “the well-established law on what constitutes competent substantial evidence”. See Wiggins, 151 So.3d at 469-71; Trimble, 821 So.2d at 1086-87. The circuit court must analyze whether the evidence is substantial.
Where the circuit court analyzes this question, its answer is of zero consequence. Gables Ins. Recovery, Inc. v. Progressive Express Ins. Co., 159 So.3d 863, 864-865, 40 Fla. L. Weekly D96, 2014 WL 7444598, at *1-2 & n. 1 (Fla. 3d DCA Dec. 31, 2014) (specifically disagreeing with circuit court’s legal analysis, yet still dismissing second-tier certiorari petition because circuit court analyzed proper question); Dep’t of Highway Safety & Motor Vehicles v. Edenfield, 58 So.3d 904, 906 (Fla. 1st DCA 2011) (“[A] misapplication or an erroneous interpretation of the correct law does not rise to the level of a violation of a clearly established principle of law.”); Dep’t of Highway Safety & Motor Vehicles v. Roberts, 938 So.2d 513, 515 (Fla. 5th DCA 2006) (explaining that if circuit court selects correct standard, it is not for appellate court to determine whether court applied the standard correctly). This Court must accept the circuit court’s answer so *533 long as the circuit court chose the correct question.
Here, the circuit court did not evaluate Mr. Hirtzel’s explanation against the officer’s explanation. The court specifically paid it no weight — as it should have, explaining that Mr. Hirtzel’s testimony was “moot.” Second, the officer gave no direct explanation. There was a dearth of evidence. Cf. Wiggins, 151 So.3d at 460-61 (officer testified to actually seeing errant driving); Dep’t of Highway Safety & Motor Vehicles v. Favino, 667 So.2d 305, 309 (Fla. 1st DCA 1995) (“Clearly, the facts and circumstances were sufficient....”). The question the circuit court asked here was the weight of the inferences derived from surrounding circumstances. Simply put, the entire case was a guess based on the surrounding circumstances.
Accordingly, the circuit court asked its mandated question: Would a reasonable mind accept the facts as adequate to establish a fair probability Mr. Hirtzel was intoxicated at the time of driving? Or do the facts amount to a suspicion, conjecture, or guess that Mr. Hirtzel was intoxicated at the time of driving? The circuit court answered this legal question no. Circuit courts must ask this question, and this Court must provide complete deference to the answer — irrespective of whether it agrees.
Here, the majority cites circumstantial evidence and concludes it meets the legal standard of substantial. This usurps the circuit court’s mandate by selecting a different answer to the question of whether the circumstantial evidence met the legal standard of substantial. Circuit courts must be permitted to err in analyzing the correct question — the second-tier certiora-ri standard demands this. Taken to its end, circuit courts become nothing more than rubberstamps.
The circuit court acknowledged its task and understood its scope of review. It is imperative circuit courts undertake their mandated review of whether an order is supported by competent and substantial evidence. Circuit courts must apply “the well-established law on what constitutes competent substantial evidence.” See Wiggins, 151 So.3d at 469, 469-71; Trimble, 821 So.2d at 1086-87. And this Court must accept the circuit court’s answer— irrespective of how much this Court may disagree with the answer. See Edenfield, 58 So.3d at 906; see also Gables Ins. Recovery, Inc., 159 So.3d at 864-865, 2014 WL 7444598, at *1-2 & n. 1; Roberts, 938 So.2d at 515.
Because the majority simply substitutes its answer for that of the circuit court’s, I dissent. The circuit court’s exercise of its mandate to review orders for competent, substantial evidence should be affirmed, and the petition dismissed.
ON MOTION FOR CERTIFICATION
PER CURIAM.
By motion for certification, respondent Eric Hirtzel has asked us to certify, as a question of great public importance, “the question of whether a circuit court should review the entire record to determine whether the hearing officer’s order is based on competent substantial evidence in the record or whether the circuit court is limited to a review for any evidence in the record without regard to the competent and/or substantial nature of the evidence.” We can fairly be said to have passed on this question when we ruled:
On first tier certiorari review of a hearing officer’s decision, the circuit court had to decide whether ... the hearing officer’s factual findings are supported by competent, substantial evidence. State, Dep’t of Highway Safety & Motor Vehicles v. Wiggins, 151 So.3d *534 457, 462 (Fla. 1st DCA 2014), review granted, 2014 WL 7251666 (Fla. Dec.17, 2014). The competent, substantial evidence standard requires the circuit court to defer to the hearing officer’s findings of fact, see id. at 465, unless there is no competent evidence of any substance, in light of the record as a whole, that supports the findings. See Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951) (“The substantiality of evidence must take into account whatever in the record fairly detracts from its weight.”). Compare Miller v. State, Div. of Ret, 796 So.2d 644, 646 (Fla. 1st DCA 2001) (concluding that the decision below did not rest on a finding of fact unsupported by competent, substantial evidence in the record), with Arnold v. Florida’s Blood Ctrs., Inc., 949. So.2d 242, 246-47 (Fla. 1st DCA 2007) (determining that evidence, although competent, was not substantial).
But the present case differs from the decision in Dep’t of Highway Safety & Motor Vehicles v. Wiggins, 151 So.3d 457, 470 (Fla. 1st DCA 2014) review granted sub nom. Wiggins v. Dep’t of Highway Safety & Motor Vehicles, No. SC14-2195, 2014 WL 7251666 (Fla. Dec. 17, 2014), on the basis of which respondent urges certification. There the panel certified the following question:
WHETHER A CIRCUIT COURT FAILS TO APPLY THE CORRECT LAW BY REJECTING AS NON-CREDIBLE THE ENTIRETY OF AN ARRESTING OFFICER’S TESTIMONY AND REPORT CONCERNING A TRAFFIC STOP, UPON WHICH THE HEARING OFFICER’S FACTUAL FINDINGS RELIED, BASED SOLELY ON THE CIRCUIT COURT’S OWN INDEPENDENT REVIEW AND ASSESSMENT OF EVENTS ON THE VIDEO OF A TRAFFIC STOP?
The certified question in Wiggins could have been redrafted to ask whether a video clearly depicting events testified to differently by a witness could render the witness’s testimony insubstantial in light of the record as a whole, but even in that event would not have posed a question that could make a difference in Mr. Hirtzel’s case.
As we noted in our original opinion, the circuit court’s order in the present case failed to take into account ample, competent evidence supporting the hearing officer’s finding of probable cause, including law enforcement officers’ testimony that Mr. Hirtzel answered yes when asked if he had been drinking alcohol; “that Mr. Hirt-zel stated his vehicle flipped after hitting a pot hole or speed bump when, in fact, it overturned after he hit a wooden post, according to the officers who investigated the crash;” that he was seen speeding and shouting moments before the accident, and that he was still visibly intoxicated when they arrived to investigate. The hearing officer did not believe his story-told for the first time at the hearing-that he decided to have a drink in the parking lot after the accident, and there is little in the circuit court’s order-and no video or anything else in the record-to explain why the circuit court disregarded the competent, substantial evidence supporting the hearing officer’s findings of fact.
The motion for certification is denied.
BENTON and BILBREY, JJ., concur; CLARK, J., dissents without opinion.