# Third District Court of Appeal

## State of Florida

Opinion filed October 14, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1443
Lower Tribunal No. 12-708
_____

**The State of Florida, Department of Highway Safety and Motor Vehicles,**
Petitioner,

vs.

**Alex R. Canalejo,**
Respondent.

A Writ of Certiorari to the Circuit Court for Monroe, Timothy J. Koenig, Judge.

Stephen D. Hurm, General Counsel, and Jason Helfant, Assistant General Counsel (Lake Worth), and Natalia Costea, Assistant General Counsel (Miami), for petitioner.

Hal G. Schuhmacher (Marathon), for respondent.

Before SUAREZ, C.J., and LAGOA and LOGUE, JJ.

SUAREZ, C.J.

The Department of Highway Safety and Motor Vehicles ("DHS") petitions

for a writ of certiorari to quash the order of the circuit court, sitting in its appellate

capacity, which reversed the DUI suspension of Respondent Alex Canalejo's driver's license. We grant this second-tier petition finding that the trial court acting in its appellate capacity applied the wrong law and substituted its judgment for that of the hearing officer. Miami-Dade Cnty. v. Omnipoint Holdings, Inc., 863 So. 2d 195, 199 (Fla. 2003) (quoting, Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 530 (Fla. 1995)); Dep't of Highway Safety and Motor Vehicles v. DeGroot, 971 So. 2d 237 (Fla. 2d DCA 2008).

Canalejo was arrested for driving under the influence and requested a formal administrative review. In connection with the administrative hearing, Canalejo's counsel attempted to issue subpoenas requiring the personal attendance of the officers involved in the arrest. Instead, DHS issued modified subpoenas which required only telephonic appearance. At the hearing, Canalejo attempted to submit a videotape of a mandatory 20-minute waiting period which occurred after his arrest. Canalejo claimed that he was unable to authenticate the videotape because no officer was present at the hearing. Canalejo was offered the opportunity to continue the hearing so that an officer could attend in person, but he rejected that offer. The hearing officer subsequently upheld the suspension of Canalejo's license.

Canalejo filed a petition for writ of certiorari seeking to quash that decision. On October 16, 2012 the circuit court granted that petition, finding that DHS's

"refusal to issue a subpoena requiring the personal attendance of [the officer] under circumstance where the officer's physical presence was necessary for proper authentication of the video evidence" did not comply with due process. The circuit court remanded for "further proceedings consistent with this Opinion."

A subsequent hearing was held on December 11, 2012. Neither DHS nor Canalejo issued any subpoenas for that hearing. At the hearing, the hearing officer was unable to view the videotape due to technical difficulties and indicated that she did not know DHS's policy regarding authentication of videotape evidence. On December 17, 2012 the hearing officer again upheld the suspension of Canalejo's driver's license.

Canalejo thereafter filed a renewed petition for certiorari arguing that DHS had "done nothing" to correct its violation of due process because it had failed to subpoena the officer for personal appearance at the new hearing. The circuit court issued a Show Cause Order in October 2014 and DHS responded in November 2014. In May 2015 the circuit court granted the renewed petition, rejecting DHS's argument that Canalejo had the burden to subpoena a witness on his behalf and that telephonic hearings had been approved by this Court in 2013. In granting the renewed petition, the circuit court failed to apply the correct law.

That is so because this Court issued <u>Department of Highway Safety and Motor Vehicles v. Bennett</u>, 125 So. 3d 367 (Fla. 3d DCA 2013) on November 13, 2013. In that case we stated:

> [T]he First District Court of Appeal made clear that the live appearance of a witness in an administrative proceeding regarding a license suspension is not required. [<u>Dep't of Highway Safety and Motor Vehicles v. Edenfeld</u>, 58 So. 3d 904, 907 (Fla. 1st DCA 2011)].
>
> . . . .
>
> Therefore, the <u>Edenfeld</u> decision became a clearly established principle of law, which the circuit court in this case violated. **To be clear, a party does not have a right to require an officer's live appearance at an administrative hearing dealing with license suspension.**

<u>Id</u>. at 369-70 (emphasis added). Given that <u>Edenfeld</u> was issued in 2011 and it was affirmed as a "clearly established principle of law" in 2013, the circuit court erred in failing to apply those rulings in 2015.

Moreover, DHS is correct that it had no burden to authenticate the videotape and that the absence of any witness to do so was the fault of Canalejo. <u>Dep't of Highway Safety & Motor Vehicles v. Fernandez</u>, 114 So. 3d 266 (Fla. 3d DCA 2013); <u>Dep't of Highway Safety & Motor Vehicles v. Stewart</u>, 625 So. 2d 123, 124 (Fla. 5th DCA 1993). Likewise, DHS is correct that Florida Administrative Code Rules 15A-6.013(2) and section 322.2615(2), Florida Statute (2015) provide the means by which the videotape could have been authenticated by Canalejo in the

4

absence of the live appearance of any officer at the hearing. Canalejo's failure to follow the procedures set forth therein is not the fault of DHS.

Based on the foregoing, we find that the Appellate Division's order departed from the essential requirements of law by violating clearly established principles of law which resulted in a miscarriage of justice. Accordingly, we grant the petition, issue the writ, and quash the decision of the circuit court.