# Third District Court of Appeal
## State of Florida

Opinion filed July 12, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2059
Lower Tribunal No. 22-16 AP
_____

**46 NW 17 CT LLC,**
Petitioner,

vs.

**City of Miami,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Appellate Division, Daryl E. Trawick, Lisa S. Walsh, and Maria de Jesus Santovenia, Judges.

Michael Garcia, PA., and Michael Garcia (Fort Lauderdale), for petitioner.

Victoria Méndez, City Attorney, and Bryan E. Capdevila and Eric J. Eves, Assistant City Attorneys, for respondent.

Before EMAS, LINDSEY and GORDO, JJ.

GORDO, J.

In this petition for a second-tier writ of certiorari, Petitioner[1] seeks to quash the circuit court appellate division's per curiam affirmance of a final administrative order by the City of Miami's Unsafe Structures Panel requiring the demolition of the Petitioner's property. Because the circuit court's per curiam affirmance was not a violation of a clearly established principle of law resulting in a miscarriage of justice so as to permit our review by second-tier certiorari, we conclude that we lack jurisdiction to grant relief. See Gables Ins. Recovery, Inc. v. Progressive Exp. Ins. Co., 159 So. 3d 863, 865 (Fla. 3d DCA 2014) ("[W]e see nothing in the record to indicate that the appellate division failed to afford GIR due process or that it applied the incorrect law. Petition dismissed."); AbouElSeoud v. AIM Recovery Servs., Inc., 299 So. 3d 428, 429 (Fla. 3d DCA 2019) ("As Ms. AboulElSeoud has failed to show that (1) procedural due process was not afforded by the circuit court appellate division, and (2) the court departed from the essential requirements of law, we conclude that we lack jurisdiction to grant relief."); State Farm Auto. Ins. Co. v. CC Chiropractic, LLC, 245 So. 3d 755, 758–59 (Fla. 4th DCA 2018) ("[T]he circuit court's per curiam affirmance was not a violation of a clearly established principle of law resulting in a miscarriage of justice so as to permit our review by second-tier certiorari."); Somerset Acad., Inc.

---

[1] 46 NW 17 CT LLC.

v. Miami-Dade Cnty. Bd. of Cnty. Comm'rs, 314 So. 3d 597, 599 (Fla. 3d DCA 2020) ("[A] circuit court order that . . . provides a result without a written opinion and therefore cannot act as precedent in future cases, will generally not merit certiorari review in the district court, even if the district court might disagree with the result." (quoting Dep't of Highway Safety & Motor Vehicles v. Alliston, 813 So. 2d 141, 145 (Fla. 2d DCA 2002))).