NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | |
|---|---|
| JOSEPH FERREI, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2D13-5378 |
| ) | |
| DEPARTMENT OF HIGHWAY SAFETY ) | |
| AND MOTOR VEHICLES, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Opinion filed August 8, 2014.

Petition for Writ of Certiorari to the Circuit
Court for the Thirteenth Judicial Circuit for
Hillsborough County; sitting in its appellate
capacity.

Anne Morris of Isaak Law, PLLC, Tampa, for
Petitioner.

Stephen D. Hurm, General Counsel and
Richard M. Coln, Assistant General Counsel
of Department of Highway Safety & Motor
Vehicles, Orlando, for Respondent.


LaROSE, Judge.


        Joseph Ferrei seeks certiorari review of a circuit court order denying his

motion for clarification.  We have jurisdiction, see Fla. R. App. P. 9.030(b)(2)(B), and

grant the petition.

In Ferrei v. Department of Highway Safety & Motor Vehicles, 91 So. 3d 920 (Fla. 2d DCA 2012), we quashed a circuit court order that denied Mr. Ferrei certiorari relief from an administrative decision upholding the suspension of his driver's license. See §§ 322.2615(1), (6), (14), .31, Fla. Stat. (2008). We directed the circuit court to consider whether an adequate mechanism existed for Mr. Ferrei to challenge the lawfulness of the underlying traffic stop. Ferrei, 91 So. 3d at 921. The circuit court then reconsidered Mr. Ferrei's certiorari petition, quashed the Department's final order upholding his license suspension, and remanded the cause to the Department for further proceedings.

Mr. Ferrei's license suspension period expired during the review period. In light of our holding in McLaughlin v. Department of Highway Safety & Motor Vehicles, 128 So. 3d 815 (Fla. 2d DCA 2012), he moved for clarification of the order in the circuit court. When the circuit court denied his motion, he petitioned this court for second-tier certiorari review to determine whether the circuit court afforded due process and applied the correct law. See Forth v. Dep't of Highway Safety & Motor Vehicles, 39 Fla. L. Weekly D1352 (Fla. 2d DCA June 27, 2014) (citations omitted). Under McLaughlin, 128 So. 3d at 815, and Forth, 39 Fla. L. Weekly D1352 at *1, we held that when the Department administratively suspends a driver's license, and the suspension period expires while a matter is under review but the department seeks further formal administrative hearings, the circuit court should quash the administrative order, rather than quash and remand for further proceedings. "[N]o further proceedings are necessary on remand because the issue of the validity of the suspension of [the] driver's license is moot." McLaughlin, 128 So. 3d at 815. The circuit court failed to apply the

correct law when it remanded the moot issue to the administrative tribunal.  <u>Forth</u>, 39

Fla. L. Weekly D1352 at *1.

Petition granted; order quashed insofar as it remanded the case.

ALTENBERND and KELLY, JJ., Concur.